520 P.2d 1113

**STATE of Arizona, Appellee,**

v.

**Stanley C. MILLER, Appellant.**

**No. 2525.**

Supreme Court of Arizona,
In Banc.

April 10, 1974.

Gary K. Nelson, Atty. Gen., Phoenix, and Wm. Michael Smith, Yuma County Atty., Yuma, for appellee.

Jeffrey R. Fritz, Yuma, for appellant.

HOLOHAN, Justice.

This is an appeal from a judgment of conviction for the crimes of murder in the first degree and attempted murder. Appellant was sentenced to life imprisonment for murder and sentenced to not less than 15 nor more than 20 years for attempted murder. The sentences are to run concurrently.

The issues presented by appellant in this appeal all relate to the instructions given to the jury. Although none of the instructions were objected to at trial, he urges that the trial court committed reversible error in giving the jury an instruction on the felony-murder rule and an instruction on murder by lying in wait.

The facts necessary for a determination of questions presented on appeal were that on August 18, 1971 appellant sought an annulment of his marriage to Marilyn Garner Miller, a woman he had married approximately two years prior. They had been separated since May of 1971. The court did not grant the requested annulment and continued the matter.

Unhappy about the outcome, appellant pawned some of his tools and went drinking with a friend, Mike McKay. They visited two Yuma bars and at one appellant stated to a Mrs. Beth Fromm that "he was going to kill them." Following this incident appellant accompanied McKay to his home where they continued to drink.

Later that night, appellant, a Marine Corps sergeant, went to the Marine Corps Air Station's Communication Center and removed a .45 automatic pistol and a box

of ammunition from a vault. He proceeded to his wife's apartment at the Mesa Vista Homes complex. Finding the door locked, appellant forced the front door of the apartment and entered. He went into the bedroom and sat on his wife's bed.

A few minutes later he heard an automobile drive up and his wife, and an Ed Resendez entered the apartment. Appellant concealed himself in a doorless partitioned space. His wife walked into the bedroom, placed her purse on the bed and returned to the living room without seeing the appellant.

Shortly thereafter, appellant appeared at the door with the pistol and shouted "Surprise, Surprise!" A struggle ensued between appellant and Resendez in which Mrs. Miller tried to intercede. She was knocked away and appellant proceeded to spray five bullets around the room. One hit his wife in the hand and two others mortally wounded Resendez. Appellant then beat his wife with the gun and fled the apartment.

He drove his car to a friend's place in the Kofa Mountains where he spent the rest of the night. The next day he drove his car north and abandoned it just north of Quartzsite, Arizona. Subsequently appellant walked into an Agriculture Inspection Station near Kingman, Arizona and stated he was wanted for murder and asked that the Yuma Police be called.

■ Appellant's first contention is that the trial court erred in instructing the jury on murder by lying in wait. He urges that the evidence failed to disclose that appellant concealed himself from his victims. Concealment is an essential element to murder by lying in wait. State v. Brooks, 103 Ariz. 472, 445 P.2d 831 (1968). Since A.R.S. § 13–452 had as its source § 189 of the California Code, those cases interpreting the statute are persuasive. Phoenix-Sunflower Industries, Inc. v. Hughes, 105 Ariz. 334, 464 P.2d 617 (1970).

■ The evidence shows, and the defense concedes that appellant did wait and watch the person killed. It also shows that

he concealed himself in the closet when Mrs. Miller and Resendez entered the apartment. Yet the appellant states that the evidence must show appellant was concealed at the time he shot the victim. In People v. Tuthill, 31 Cal.2d 92, 187 P.2d 16 (1947), the Supreme Court of California stated that just because the victim discovers appellant's presence does not prevent a murder from being committed by lying in wait. Discovery of his presence does not change his intention to take the victim unaware. Also see People v. Atchley, 53 Cal.2d 160, 346 P.2d 764 (1959) and People v. Mason, 54 Cal.2d 164, 4 Cal.Rptr. 841, 351 P.2d 1025 (1960). We agree with the interpretation expressed by the California Courts, and, based on these authorities, the evidence fully supports the instruction on lying in wait.

■■ Appellant next urges that it was error to instruct the jury on the felony-murder rule. The trial court based this instruction on that part of A.R.S. § 13–452 which provided that a homicide which occurs in the perpetration of a burglary is murder in the first degree. Appellant attacks this instruction on three grounds— (1) that assault upon the victim of murder cannot support a felony-murder instruction, (2) that entry into a dwelling house to commit assault does not constitute burglary, and (3) one cannot burglarize one's own residence. We agree with appellant's contention that the assault does not justify a felony-murder instruction because the assault is merged into the homicide. State v. Essman, 98 Ariz. 228, 403 P.2d 540 (1965). The assault alone was not the basis for the felony-murder instruction in this case. The basis for the instruction was that the appellant was committing burglary.

A.R.S. § 13–302A. defines burglary as:

"A person entering a building, dwelling house, * * * apartment, * * * with intent to commit grand or petty theft, *or any felony,* * * * is guilty of burglary." (Emphasis supplied.)

The evidence disclosed that the defendant intended to assault his wife and that he

went to her apartment armed with a deadly weapon. A.R.S. § 13–249 classifies assault with a deadly weapon as a felony. Thus, the entry into an apartment with the intent to commit assault with a deadly weapon constituted burglary. People v. Mason, *supra,* contains a fact situation not unlike that presented here. That court said:

"Although the killing in the present case occurred about 20 hours after defendant entered the house, if the jury found that defendant committed burglary by entering the house with the intent to commit a felonious assault, the homicide and the burglary were part of one continuous transaction. (Citations omitted.) Accordingly, the trial court did not err in instructing the jury that murder committed in the perpetration of burglary is murder of the first degree." 4 Cal.Rptr. at 844, 351 P.2d at 1028.

Next the defense urges that since appellant was married to the lessee of the apartment he entered, he could not be accused of burglarizing it. The proposition is based on the belief that one spouse has a right to enter the other's dwelling place and consider it his home. At common law one could not burglarize his own home. Here we have an entry upon the premises of a wife who was separated from her husband; he had never been to the apartment before that night; and his wife was paying the rent out of her own earnings. It would be pure fiction for us to indulge appellant in his contention that this was his own apartment. Additionally, the statute in effect at the time of this offense, A.R.S. § 25–211A, provided that a wife living separate and apart from her husband acquired separate property from her earnings and in this case appellant had no interest or right to the premises rented by his wife with her earnings.

There was no error in the instructions given by the court.

Judgment affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.