585 P.2d 242

**STATE of Arizona, Appellee,**

v.

**Richard Robert SAUTER, Appellant.**

**No. 4153.**

Supreme Court of Arizona,
In Banc.

Oct. 2, 1978.

Bruce E. Babbitt, Former Atty. Gen., John A. LaSota, Jr., Atty. Gen. by William J. Schafer III, Crane McClennen, Asst. Attys. Gen., Phoenix, for appellee.

John Foreman, Phoenix, for appellant.

STRUCKMEYER, Vice Chief Justice.

Appellant, Richard Robert Sauter, was convicted after trial by jury of voluntary manslaughter, and appeals. Jurisdiction is pursuant to Rule 47(e)(5), Rules of the Supreme Court. Judgment affirmed.

The record in the court below established that appellant, while intoxicated and during the course of an altercation, stabbed Matt Charles Lines. Lines was taken to the emergency room of a hospital in Phoenix, Arizona, where he was attended by a general surgeon. The surgeon opened the abdominal cavity and repaired lacerations to both the anterior and posterior stomach walls, the main stomach artery, the superior pancreatic artery and pancreatic tissue. The surgeon also palpitated the abdominal aorta, but did not observe bleeding in the area. After the surgery, Lines continued to lose large amounts of blood. An autopsy revealed that he died from the loss of blood, principally through a one-inch, unrepaired laceration in the abdominal aorta.

Appellant's position is that he was guilty of assault rather than homicide because of the intervening malpractice of the surgeon who did not discover the laceration in Lines' aorta, and he urges that error occurred when the trial court refused to allow evidence of the surgeon's failure to discover the wound to Lines' aorta. We, however, do not think so.

In *State v. Myers,* 59 Ariz. 200, 125 P.2d 441 (1942), we quoted with approval from *State v. Baruth,* 47 Wash. 283, 91 P. 977, to the effect that where one unlawfully inflicts a wound upon another calculated to endanger his life, it is no defense to a charge of murder to show that the wounded person might have recovered if the wound had been more skillfully treated. We said in *State v. Ulin,* 113 Ariz. 141, 143, 548 P.2d 19 (1976), that medical malpractice will break the chain of causation and become the proximate cause of death only if it constitutes the sole cause of death. We think these cases correctly summarize the law relative to intervening acts arising out of medical treatment in the United States. See 100 A.L.R.2d 769, anno. "Homicide; liability where death immediately results from treatment or mistreatment of injury inflicted by defendant." See also the cases cited supporting the basic rule, commencing at page 783 and running through page 784. For example, in *People v. Stamps,* 8 Ill. App.3d 896, 291 N.E.2d 274, 279 (1972), the court held:

"* * * it is the generally recognized principle that where a person inflicts upon another a wound which is dangerous, that is, calculated to endanger or destroy life, it is no defense to a charge of homicide that the alleged victim's death was contributed to by, or immediately resulted from, unskillful or improper treatment of the wound or injury by attending physicians or surgeons."

See also *People v. Stewart,* 40 N.Y.2d 692, 389 N.Y.S.2d 804, 358 N.E.2d 487, 491 (1976), where the court said:

"Neither does 'direct' mean 'unaided' for the defendant will be held liable for the death although other factors, entering after the injury, have contributed to the fatal result. Thus if 'felonious assault is operative as a cause of death, the causal co-operation of erroneous surgical or medical treatment does not relieve the assailant from liability for homicide' (*People v. Kane*, 213 N.Y. 260, 270, 107 N.E. 655, 657."

Only if the death is attributable to the medical malpractice and not induced at all by the original wound does the intervention of the medical malpractice constitute a defense. See *People v. Kane*, 213 N.Y. 260, 107 N.E. 655 (1915). Such is not the case here.

Judgment affirmed.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.