593 P.2d 905

**The STATE of Arizona, Appellee,**

v.

**Jose Jesus MEDINA–ESPINOZA, Appellant.**

**No. 4516.**

Supreme Court of Arizona, In Banc.

April 3, 1979.

John A. LaSota, Jr., former Atty. Gen., Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Diane M. Ramsey, Asst. Attys. Gen., Phoenix, for appellee.

Stephen J. Rouff, Yuma, for appellant.

CAMERON, Chief Justice.

Defendant, Jose Jesus Medina-Espinoza, as the result of an agreement, entered a plea of guilty to the crime of possession of marijuana for sale, A.R.S. § 36–1002.06. Two other counts, transportation of marijuana, A.R.S. § 36–1002.07 and importation of marijuana, A.R.S. § 36–1002.07, were dropped. Defendant was sentenced to four months "flat time" in the county jail and three years probation. From the judgment of guilty defendant appeals. We have jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court, 17A A.R.S.

We are asked to decide the following questions:

1. whether the court should delay an appeal upon the request of the defendant, and

2. whether there was sufficient factual basis for the plea of guilty.

The facts necessary for a determination of this matter on appeal are as follows. On 24 August 1976, the defendant, a Mexican National living in San Luis, Sonora, Mexico, but with a "green card" allowing him to work in the United States, met an individual in a bar in San Luis who offered defendant some money if defendant would drive defendant's car to Yuma, Arizona, and leave it in a parking lot. Defendant gave this individual the keys to the car. The car was returned about 2 hours later and the defendant drove the car to the border. United States Customs agents, with the help of a dog trained to discover marijuana, searched the car and discovered 40 kilos of marijuana in a cutaway compartment behind the backseat.

At the time of his arrest, defendant made the following statement to police officers:

"Well, it's not going to be too bad. I will spend three or four months in the County Jail watching T.V., eating, and I will go home back to Mexico."

Defendant was released on bail. He returned to Mexico and did not appear at the time his trial was scheduled. He later returned to the United States and was arrested in February of 1978.

On 12 October 1978, the United States Immigration and Naturalization Service at El Centro, California, commenced hearings to exclude the defendant from the United States. The immigration judge, however, continued the proceeding until such time as defendant's present appeal could be adjudicated.

### DELAY OF APPEAL

■ Defendant first asks this court to delay making a decision in this matter until such time as he completes his probation and is able to expunge his conviction from the state's criminal records. Defendant candidly admits the reason for this request is the belief that he will not be excluded from this country until his direct appeal is exhausted, see *Marino v. Immigration and Naturalization Service,* 537 F.2d 686 (2nd Cir. 1976), and that once he completes his probation and expunges his record, there will be no remaining conviction to form a basis for his exclusion from the United States.

We express no opinion as to whether a delay on our part would result in the benefits to defendant he claims would result. We do not believe, however, this is a proper reason for delaying a determination of his matter on appeal. There is no provision in our rules for extending the time for appeal for this purpose. To the contrary, the policy of this court is to expedite appeals. Rule 1.2, Arizona Rules of Criminal Procedure, 17 A.R.S., reads as follows:

"These rules are intended to provide for the just, speedy determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration, the elimination of unnecessary delay and expense, and to protect the fundamental rights of the individual while preserving the public welfare."

The request for delay is denied.

### ACCEPTANCE OF THE GUILTY PLEA

■ Defendant contends that before his plea of guilty to the crime of possession of marijuana for sale under A.R.S. § 36–1002.06 can be accepted, the evidence must show he had knowledge of the marijuana's existence, and that he exercised dominion and control over it. *State v. Arce,* 107 Ariz. 156, 483 P.2d 1395 (1971); *State v. Miramon,* 27 Ariz.App. 451, 555 P.2d 1139 (1976). Defendant contends there was not a sufficient factual basis to show this and that the trial court erred in accepting such a plea. We do not agree.

At the time of his plea, the following exchange took place:

"THE COURT: You understand that the crime of possession of marijuana is committed by a person having in his possession or subject to his control a substance which is in fact marijuana?

"THE DEFENDANT: Yes.

"THE COURT: Which he knows is marijuana—

"THE DEFENDANT: I understand.

"THE COURT: —of sufficient quantity and quality to be used by persons who use marijuana in the manner they use it.

"THE DEFENDANT: You mean the quantity and quality so that people use it?

"THE COURT: It must be of such quantity and quality to be used by someone who uses marijuana.

"THE DEFENDANT: Yes. I don't know. I just had it with me. I don't know whether they smoked the marijuana or whether they throw it away. I just had it with me."

In accepting a guilty plea, the trial court need not find the defendant guilty beyond a reasonable doubt, *State v. DeCoe,* 118 Ariz.

502, 578 P.2d 181 (1978), *State v. Norris,* 113 Ariz. 558, 558 P.2d 903 (1976), but need only find "strong evidence of actual guilt * *." *North Carolina v. Alford,* 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162, 171 (1970).

The Washington Supreme Court has stated:

"The factual basis requirement * * * does not mean the trial court must be convinced beyond a reasonable doubt that defendant is in fact guilty. 'It should be enough if there is sufficient evidence for a jury to conclude that he is guilty.'" *State v. Newton,* 87 Wash.2d 363, 370, 552 P.2d 682, 686 (1976) *quoting United States v. Webb,* 433 F.2d 400, 402 (1st Cir. 1970).

It is apparent from the facts that defendant knew the marijuana was in the vehicle and that he exercised dominion and control over it. *State v. Arce,* supra; *State v. Maramon,* supra. We believe there was a factual basis for the plea of guilty.

Affirmed.

STRUCKMEYER, V. C. J., and HAYS, HOLOHAN and GORDON, JJ., concurring.