605 P.2d 893

STATE of Arizona, Appellee,

v.

Michael Clifford HILLS, Appellant.

No. 4740.

Supreme Court of Arizona,
En Banc.

Jan. 11, 1980.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Dennis C. Freeman, Asst. Attys. Gen., Phoenix, for appellee.

Waldo W. Israel, Yuma, for appellant.

HAYS, Justice.

Pursuant to a plea agreement, Michael Clifford Hills pleaded guilty to first-degree murder and received a life sentence. Ostensibly in compliance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), appellate counsel submitted a brief. The brief, however, raises no arguable issues of law, which is the essential obligation imposed by *Anders, supra*.

We take jurisdiction under A.R.S. § 13–4031.

## FACTS

On January 25, 1979, appellant and several male companions stole some knives in contemplation of robbing a local bar in Yuma.

When the group entered the bar, the barmaid warned them that they were underage and would have to leave. According to the barmaid's testimony at the preliminary hearing, appellant took offense at this admonition, pulled a knife, and stabbed her once in the chest and twice in the arm. As the barmaid fell, Fern Johnson, a customer, approached appellant from the other end of the bar and attracted his attention. At this point, the barmaid testified, appellant whirled and stabbed Mrs. Johnson in the left side.

Appellant then unsuccessfully attempted to open the cash register. In the general confusion that followed as they made their escape, appellant and his companions scuffled with two patrons of the bar, one of whom was stabbed in the arm.

Initially, appellant was charged with two counts of aggravated assault and one count of attempted armed robbery. When Fern Johnson later died, appellant was also charged with felony murder under A.R.S. § 13–1105(A)(2).

At arraignment, appellant pleaded not guilty to all charges. After a competency hearing had been completed and a tentative trial date set, appellant changed his plea to guilty of the felony murder charge in exchange for the prosecutor's recommendation that the remaining charges be dismissed and that the death penalty not be imposed. After carefully informing appellant of the consequences of such a plea, the trial court accepted the plea and sentenced appellant to life without possibility of pardon or parole for 25 years.

In keeping with our statutory duty to search the record for fundamental error [A.R.S. § 13–4035(B)], we shall consider the following issues:

1. Was it fundamental error for defense counsel to submit the issue of competency without a written stipulation?

2. Did possible medical malpractice relieve appellant of criminal liability?

3. Was there substantial evidence to sustain a plea of guilty to first-degree murder?

### I. COMPETENCY

■ At the request of defense counsel, appellant was examined by two doctors to determine his competency to understand the charges and to assist in his defense. Both doctors found appellant competent and submitted written reports.

At the competency hearing, defense counsel submitted the issue of competency on oral stipulation. Rule 11.5(a), Rules of Criminal Procedure, states:

When the examinations have been completed, the court shall hold a hearing to determine the defendant's competency. The parties may introduce other evidence regarding the defendant's mental condition, or by *written* stipulation, submit the matter on the experts' reports. (Emphasis added.)

Although defense counsel did not comply with the letter of the rule, he stated for the record that he had read the experts' reports, that he had no evidence to offer, and that he was submitting the matter on stipulation.

We held in *State v. Blier,* 113 Ariz. 501, 557 P.2d 1058 (1976), that it is not reversible error for the parties to fail to sign a written stipulation, provided that the record amply demonstrates the parties' intention to submit the issue of competency on the experts' reports. *Blier, supra,* is dispositive of this point.

### II. MEDICAL MALPRACTICE

■ Prior to the change of plea, defense counsel raised the issue of intervening medical malpractice that might exonerate appellant of criminal liability for the death of the victim.

The pathologist who performed the autopsy stated that the cause of death was secondary peritonitis that developed as a consequence of a stab wound perforating the wall of the small intestine. In addition, the pathologist testified that the treating physician had done exploratory surgery to ascertain the extent of the wound, but, due to the obesity of the victim, did not discover that the small intestine had been perforated.

As a final point, the pathologist noted that the procedure he used to expose the organs for autopsy differed from that employed in the exploratory surgery and made it easier to discover the perforation.

In *State v. Sauter,* 120 Ariz. 222, 585 P.2d 242 (1978), we held that medical malpractice will break the chain of causation and constitute a defense only if death is attributable *solely* to the medical malpractice and not induced at all by the original wound.

In this case, the original wound gave rise to the peritonitis which ultimately resulted in death. Even if we were to conclude that the failure to find and treat the perforated intestine was malpractice, that would not absolve appellant of guilt because the infection was the direct result of the original wound. *Sauter, supra.*

### III. SUFFICIENCY OF EVIDENCE

■ At the hearing on change of plea, the court explained to appellant in detail all the constitutional rights he was foregoing by pleading guilty. Appellant responded

that he understood those rights, had discussed the matter with counsel, was satisfied with counsel's representation, and realized the consequences of the plea.

The court then established a factual basis for accepting the plea by questioning appellant at length about his participation in the events leading to the charges brought against him.

Appellant admitted that he and his companions planned to rob the bar and stole knives in preparation for the robbery.

Furthermore, appellant admitted that he stabbed the barmaid and another person. When the trial judge asked appellant specifically whether he stabbed Fern Johnson, the victim, appellant replied that he did not know, that he did not remember.

At the preliminary hearing, however, the barmaid testified that appellant first stabbed her, then turned and stabbed the victim in the left side with an upward thrusting motion. As part of the record, the preliminary hearing may furnish a factual basis for acceptance of a guilty plea. *State v. Diaz,* 121 Ariz. 16, 588 P.2d 309 (1978). The court need not be convinced beyond a reasonable doubt of guilt before accepting a plea. Only strong evidence of guilt is required. *State v. Medina-Espinoza,* 122 Ariz. 155, 593 P.2d 905 (1979). We hold that the eyewitness testimony of the barmaid at the preliminary hearing provided strong evidence of appellant's guilt and sufficed as a factual basis for accepting the plea.

In addition to the eyewitness testimony, appellant admitted his involvement in the commission of a felony, attempted armed robbery. Under A.R.S. § 13–1105(A)(2), a killing in furtherance of the perpetration or attempted perpetration of certain enumerated felonies (including armed robbery) constitutes first-degree murder. A.R.S. § 13–1105(B) provides that specific intent to kill is not required, only the intent to commit one of the offenses listed.

Under the felony-murder doctrine, the state need not prove the actual commission of the felony; it is sufficient to prove an attempt to commit the offense that resulted in death. *State v. Pittman,* 118 Ariz. 71, 574 P.2d 1290 (1978).

Consequently, even without the eyewitness testimony identifying appellant as the killer, appellant's admission that he knowingly and voluntarily engaged in the attempted armed robbery was sufficient to sustain the plea of guilty to first-degree murder.

The judgment and the sentence are affirmed.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and CAMERON and GORDON, JJ., concurring.