638 P.2d 1339
**STATE of Arizona, Appellee,**

v.

**Dennis Michael McGUIRE, Appellant.**

**No. 5304.**

Supreme Court of Arizona,
En Banc.

Dec. 15, 1981.

Rehearing Denied Jan. 20, 1982.

---

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Diane M. Ramsey, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Charles R. Krull, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

Pursuant to a plea agreement, Dennis Michael McGuire pled guilty to two counts of first degree murder (counts I and II), one count of second degree burglary (count III) and one count of robbery (count IV). McGuire received a life sentence on each murder count. The life sentences were ordered to run consecutively. In addition, McGuire received a ten-year sentence on the burglary count and five-year sentence on the robbery count. These sentences were ordered to run concurrently with the sentence imposed in count II. McGuire now appeals the convictions and sentences. We have jurisdiction pursuant to A.R.S. § 13–4031.

The murder victims in this case were Oliver and Lorna Hancock, an elderly Mesa couple. Oliver Hancock was a counselor at the Mountain States Technical Institute and had befriended appellant, a student at the school. Hancock had provided appellant with transportation to and from school and had apparently loaned him some money. In return, appellant had agreed to reimburse Hancock by either repaying Hancock or working off the debt. Appellant's school attendance, however, was poor and was marked by frequent outbursts of temper directed at school faculty and fellow students. Deciding to return to his home state of New York, appellant visited the Hancock residence on the evening of November 13, 1980, ostensibly to discuss repayment of the debt.

According to appellant's statement to the court at the presentence hearing, an argument ensued over the amount of the debt. When Mr. Hancock attempted to push appellant out the front door, appellant struck the old man, knocking him to the floor. Appellant then kicked Hancock numerous times about the head and neck. An autopsy revealed that Oliver Hancock died of a fracture to the skull. Appellant then went into an adjacent room occupied by Hancock's invalid wife, Lorna, and carried her into a bedroom. Placing her on a bed, appellant proceeded to "hog-tie" Mrs. Hancock by tying her hands and feet together behind her back. He then placed surgical tape over her mouth and nose. Lorna Hancock died by suffocation. Appellant acknowledged that he did this to cover up the assault on Oliver Hancock and so he could steal some items in the house. As he left, appellant filled a bag with groceries but abandoned them after he decided they would be too heavy to carry home. Before he departed,

however, appellant took some money and jewelry from Oliver Hancock's body.

Appellant raises six arguments on appeal. First, he maintains that the trial court did not adequately set forth its reasons for imposing consecutive sentences in violation of A.R.S. § 13–708. The statute provides that "[i]f multiple sentences . . . are imposed . . . the . . . sentences . . . shall run concurrently unless the court expressly directs otherwise, in which case the court shall set forth on the record the reason for its sentence."

After reviewing the record, we conclude that the trial court adequately set forth its reasons for imposing consecutive life sentences. At the presentence hearing the trial judge expressly stated that she had reviewed the file in the case, the presentence report and recommendation, the plea agreement, numerous letters from interested parties, and the photographs of the victims. The court went on to state that the murders were committed in an especially heinous, cruel and depraved manner, that she considered the defendant to be a dangerous and violent person and "that defendant is a grave danger to society, *and the sentence imposed must protect society.*" (Emphasis added). These statements fully complied with the requirements of § 13–708. *See State v. Gordon*, 125 Ariz. 425, 610 P.2d 59 (1980).

Appellant next argues that the sentences imposed were in violation of the plea agreement. Under the terms of the plea agreement, appellant agreed to plead guilty to all charges in exchange for the following conditions. The first paragraph of the agreement states that "defendant must serve 25 calendar years before he becomes eligible for parole. If the sentences for counts I & II were [sic] imposed consecutively the defendant must serve 50 calendar years before becoming parole eligible." The second paragraph states that "the sentences for counts III & IV shall run concurrently with the sentences imposed in counts I & II. The death penalty shall not be imposed."

Appellant argues that a literal reading of the agreement gives rise to no other interpretation but that the sentences for counts I and II were to be concurrent since the second paragraph stated that the sentences for counts III and IV were to run concurrently with the sentences in counts I and II. Appellant concludes that the stipulation contained in the plea agreement was not followed by the trial court in that the sentences imposed in counts III and IV were not ordered to run concurrently with the sentence imposed in count I.

We cannot accept appellant's strained construction of the agreement. The first paragraph makes clear that consecutive sentences could be imposed for the murder charges. The second paragraph states only that the sentences imposed for counts III and IV were to run concurrently with the sentences imposed in counts I and II. This is exactly what the trial court did when it ordered the sentences imposed for counts III and IV to run concurrently with the sentence imposed in count II. We further note that appellant was advised by the trial court that the "sentences could be added together, which means that you would have to serve 50 calendar years before becoming eligible for parole." Appellant acknowledged his awareness of this possibility and did not object when consecutive life sentences were imposed. We find no error.

For his next three arguments, defendant contends that there was an insufficient factual basis to support his guilty pleas to the murders and the robbery charge.

In determining whether there is a factual basis for a guilty plea, the trial court need only be satisfied that there is strong evidence of guilt; a finding of guilt beyond a reasonable doubt is not required. *State v. Hills*, 124 Ariz. 491, 605 P.2d 893 (1980). Appellant was charged alternatively with premeditated murder and felony murder. We find an adequate factual basis to exist to support the guilty pleas to both murder counts.

For purposes of this case, the state would have been required to show, at a

minimum, that the murders were committed in the course of and in furtherance of burglary or robbery. A.R.S. § 13–1105(A)(2). By appellant's own admission, he struck Oliver Hancock *after* the latter attempted to force appellant out the front door. The act of striking Hancock at this point constituted the crime of burglary in the second degree since appellant remained "unlawfully in a residential structure with the intent to commit any theft or *any felony therein.*" A.R.S. § 13–1507(A) (emphasis added). Although a felonious assault does not satisfy a felony-murder charge, remaining unlawfully in a residence with the intent to commit assault constitutes second degree burglary, thus satisfying the requirements of A.R.S. § 13–1105(A)(2). *See State v. Miller*, 110 Ariz. 489, 520 P.2d 1113 (1974). Accordingly, a sufficient factual basis existed to support the murder charge as to Oliver Hancock under the felony-murder doctrine.

Similarly, a sufficient factual basis existed to support the murder charge as to Lorna Hancock. Her death resulted from an attempt to cover up the burglary. Viewed differently, it could also be inferred from the manner of the killing that appellant acted with the intention of killing Lorna Hancock and that this intent preceded the act of taping her mouth and nose. Consequently, there was a sufficient factual basis to support the first degree murder charge for the death of Lorna Hancock under either the felony murder doctrine or a premeditation theory.

Finally, an adequate factual basis existed to support the robbery count. Appellant acknowledged that he tied Lorna Hancock in order to cover up his earlier crime and to allow him to steal property from the house. The fact that the stolen property was taken from Oliver Hancock's body is not determinative. A.R.S. § 13–1902 requires only that force be used "against *any* person," not necessarily only against the person dispossessed of the property. *See State v. Miguel*, 125 Ariz. 538, 541, 611 P.2d 125, 128 (App.1980).

For his last argument, appellant maintains that the consecutive life sentences were excessive. Appellant submits that the circumstances of the instant case are not so aggravating, shocking or repugnant as to cause the murders to stand out above the norm of first degree murders. This contention might have some merit if we were discussing a death penalty sentence, but we are not; appellant got what he bargained for.

The trial court has broad discretion in sentencing. We will not reduce a sentence imposed by the trial court unless it clearly appears excessive under the circumstances, resulting in an abuse of discretion. *State v. Patton*, 120 Ariz. 386, 586 P.2d 635 (1978). The senseless and horrible deaths inflicted by appellant upon these helpless, elderly people certainly justifies the sentence imposed by the trial court. We find no abuse of discretion.

We have reviewed the entire record for fundamental error. *See* A.R.S. § 13–4035. Finding none, we affirm the judgment and sentences of the Superior Court.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and CAMERON and GORDON, JJ., concur.