Thomas **KUSMIDER**, Appellant,

v.

**STATE of Alaska**, Appellee.

No. 7845.

Court of Appeals of Alaska.

Sept. 21, 1984.

---

Charlene A. Lichtman, Kay, Christie, Saville & Coffey, Anchorage, for appellant.

Richard W. Maki and David Mannheimer, Asst. Attys. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Thomas Kusmider was convicted, after a jury trial, of murder in the second degree, AS 11.41.110. He appeals, contending that Superior Court Judge Karl S. Johnstone erred in excluding evidence relating to the proximate cause of the victim's death. We affirm.

On November 15, 1982, Kusmider's girlfriend told Kusmider that an acquaintance, Arthur Villella, had sexually assaulted her. Kusmider went to Villella's home in Anchorage. A confrontation ensued, and Kusmider shot Villella. The bullet entered Villella's neck above the Adam's apple. Although the wound did not sever any major arteries, it damaged smaller vessels, causing blood to drain down Villella's windpipe.

Villella was unconscious by the time an ambulance arrived. He was attended by paramedics, who inserted a tube in his windpipe to help his breathing. En route to the hospital, however, Villella began flailing his arms and pulled the tube from his throat. Villella died approximately one hour after arriving at the hospital.

At Kusmider's trial, a pathologist testified that Villella's death was caused by the gunshot wound to his throat. However, the pathologist stated that the wound, while life-threatening, might have been survivable. Kusmider then asked the court for permission to present evidence on the issue of proximate cause. He argued that, if allowed to pursue the issue, he might be able to establish that Villella would have survived the gunshot wound if he had not been able to pull the tube from his windpipe. Kusmider maintained that the paramedics who transported Villella might have been negligent in failing to restrain Villella's arms. Kusmider insisted that he was entitled to have the jury consider whether possible negligence by the paramedics constituted an intervening or superseding cause of Villella's death, rendering the gunshot wound too remote to be considered the proximate cause of death.

Judge Johnstone precluded Kusmider from pursuing the issue of proximate cause before the jury. The judge ruled that negligent failure to provide appropriate medical assistance could not, under the circumstances, interrupt the chain of proximate causation and that, therefore, no jury issue of proximate cause had been raised by Kusmider's offer of proof.

On appeal, Kusmider renews his argument, contending that the jury should have been permitted to hear evidence on the issue of proximate cause. We believe that Kusmider's argument is flawed. Kusmider is correct in asserting that proximate cause is ordinarily an issue for the jury. *See Wren v. State,* 577 P.2d 235, 240–41 (Alaska 1978). Of course, in every criminal case the state must establish and the jury must find that the defendant's conduct was the actual cause, or cause-in-fact, of the crime charged in the indictment. Here, testimony that Villella actually died from the gunshot wound was undisputed, and the actual cause of death was not in issue. On appeal, Kusmider does not argue that the trial court's exclusion of evidence relating to proximate cause infringed in any way on the jury's ability to determine actual cause.

Case law and commentators agree that, when death is occasioned by negligent medical treatment of an assault victim, the

original assailant ordinarily remains criminally liable for the death, even if it can be shown that the injuries inflicted in the assault were survivable; under such circumstances, proximate cause is not interrupted unless the medical treatment given to the injured person was grossly negligent and unforeseeable.[1] *See People v. Fite*, 627 P.2d 761, 767 (Colo.1981); *People v. Calvaresi*, 534 P.2d 316, 319 (Colo.1975); *Baylor v. United States*, 407 A.2d 664, 668–69 (D.C.1979); *People v. McGee*, 187 P.2d 706, 713 (Cal.1947). *See generally* W. La Fave & A. Scott, *Criminal Law* § 35 at 259–60 (1972); R. Perkins & R. Boyce, *Criminal Law* § 9 at 799–804 (3d ed. 1982).

■ In the present case, Kusmider offered to prove only that the paramedics who treated Villella might have been negligent in failing to restrain Villella's arms. Kusmider did not argue that he could demonstrate gross negligence or recklessness, nor did he contend that the circumstances surrounding Villella's death were unforeseeable.[2] Since, as a matter of law, only grossly negligent and unforeseeable mistreatment would have constituted an intervening cause of death and interrupted the chain of proximate causation, we conclude that Judge Johnstone did not err in excluding evidence relating solely to the issue of negligence by the paramedics who treated Villella.

■ Even assuming Kusmider had offered to prove that the conduct of the paramedics was both unforeseeable and grossly negligent, we would still conclude that the trial court correctly excluded the evidence relating to proximate cause. In cases involving death from injuries inflicted in an assault, courts have uniformly held that the person who inflicted the injury will be liable for the death despite the failure of third persons to save the victim. *See Wright v. State*, 374 A.2d 824, 829 (Del. 1977); *Pettigrew v. State*, 554 P.2d 1186, 1193 (Okla.Crim.App.1976); *People v. McGee*, 187 P.2d at 714–15. One commentator notes:

"The question is not what would have happened, but what did happen," and there can be no break in the legally-recognized chain of causation by reason of a possibility of intervention which did not take place, because a "negative act" is never superseding. Moreover, an injury is the proximate cause of resulting death although the deceased would have recovered had he been treated by the most approved surgical methods, or by more skillful methods, or "with more prudent care," or "with a different diet and better nursing," or "with proper caution and attention." The same is true even if the injured person did not take proper care of himself, or neglected to obtain medical treatment, or delayed too long in doing so, or refused to submit to a surgical

1. At the time of trial, Kusmider argued only that the paramedics who treated Villella might have been negligent in failing to restrain Villella's arms and that this negligence might have amounted to an intervening factor interrupting proximate cause. Kusmider did not argue that Villella's conduct in pulling the tube from his own windpipe might have affected proximate cause. It is clear that such an argument would have been groundless, since it is well-settled that proximate cause is not affected when death results after the victim of an assault fails to obtain prompt medical treatment or engages in conduct that interferes with effective medical treatment. *See, e.g., Commonwealth v. Cheeks*, 223 A.2d 291, 294 (Pa.1966); W. La Fave & A. Scott, Criminal Law § 35 at 256–59 (1972).

2. On appeal, Kusmider argues for the first time that, had the trial court permitted him to pursue the issue, he might have established gross negli-

gence on the part of the paramedics. However, the scope of Kusmider's claim on appeal must be evaluated in light of his offer of proof in the trial court. *See* A.R.E. 103(a)(2). Having carefully reviewed the record, we are convinced that, at the time of trial, Kusmider did not even suggest that he could prove gross negligence or recklessness on the part of the paramedics. His claim was merely that the paramedics might not have acted reasonably or with ordinary care. Moreover, Kusmider's counsel appears to have conceded that any negligence by the paramedics was foreseeable given the nature of the injuries suffered by Villella. We note that Judge Johnstone gave Kusmider an ample opportunity to research the proximate cause issue completely, both factually and legally, and to make a full offer of proof. Kusmider's limited offer of proof thus precludes his argument that he was not allowed to establish gross negligence.

operation despite medical advice as to its necessity.

R. Perkins & R. Boyce, *Criminal Law* § 9 at 799–800 (footnotes omitted).

Here, Kusmider did not claim that the conduct of the paramedics inflicted any new injuries on Villella[3] nor did he even assert that the paramedics aggravated the injuries inflicted by the gunshot wound. Rather, the gist of his claim was that negligence in failing to restrain Villella's arms enabled Villella to disrupt the apparently successful emergency treatment that he had begun to receive.[4] Thus, in support of his argument that proximate cause had been interrupted, Kusmider attempted to rely exclusively on the proof of a negative act: that the paramedics negligently failed to take adequate precautions to restrain Villella. Since Kusmider never offered to prove that the paramedics engaged in any affirmative conduct that might have aggravated Villella's injuries and hastened his death, he could not, as a matter of law, have established a break in the chain of proximate cause, even if he could have shown that the paramedics committed

gross and unforeseeable negligence by their failure to act. In short, no matter how negligent the paramedics may have been in failing to prevent Villella's death, it is manifest that the gunshot fired by Kusmider remained a substantial factor—if not the *only* substantial factor—in causing Villella's death. No more is required for purposes of establishing proximate cause. *See Wren v. State,* 577 P.2d at 240–41.

Because the evidence proffered by Kusmider could not, as a matter of law, have established a break in the chain of proximate causation, we hold that Judge Johnstone did not err in excluding this evidence from trial.

The judgment of conviction is AFFIRMED.

---

**3.** *Cf. State v. Hills,* 605 P.2d 893, 894 (Ariz.1980) (*en banc*) (defendant will not be held responsible for new injuries that occur during treatment but are coincidental and unrelated to the original injuries for which treatment was required).

**4.** Kusmider's treatment of this issue on appeal is, again, somewhat at odds with his presentation in the superior court at the time of trial. In his reply brief, Kusmider suggests that, if the superior court had permitted him to pursue the issue of proximate cause, he might have been able to establish that the negligent conduct of

the paramedics aggravated Villella's original injuries or even inflicted new injuries that were the sole cause of Villella's death. A review of the trial record reveals, however, that, in his offer of proof at trial, Kusmider never suggested that he might be able to establish the existence of any new or aggravated injuries resulting from the failure to restrain Villella's arms. We believe a fair reading of Kusmider's offer of proof indicates that his only claim was that Villella might have survived if paramedics had not negligently failed to prevent him from interrupting the emergency treatment he was receiving.