**L'Shana Nicole ABSTON, Petitioner—Appellant,**

v.

**Charles L. RYAN, Warden, Director, ADOC; Terry Goddard, Respondents—Appellees.**

**No. 04–15230.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 7, 2004.*

Decided Dec. 28, 2004.

Brick P. Storts, III, Esq., Barton & Storts, Tucson, AZ, for Petitioner–Appellant.

Diane M. Acosta, Esq., AGAZ—Office of the Arizona Attorney General (Phoenix), Phoenix, AZ, for Respondents–Appellees.

Before: O'SCANNLAIN, COWEN,** and BEA, Circuit Judges.

## MEMORANDUM ***

L'Shana Nicole Abston appeals the district court's denial of her Petition for Writ

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the

of Habeas Corpus pursuant to 28 U.S.C. § 2254. Abston raises two related issues on appeal: (1) Deprivation of due process rights guaranteed by the Fourteenth Amendment to the United States Constitution based on the trial court's order barring the introduction of medical malpractice evidence as a superceding cause of the victim's death; and (2) Deprivation of confrontation rights guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution based on the trial court's decision to limit her cross-examination of the pathologist about the medical treatment the victim received. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and affirm.

Abston was charged with first-degree murder and convicted by a jury of second-degree murder. On January 22, 1999, Abston shot the victim in the chest. The victim was taken to a hospital where she died a few hours later. According to the Arizona Court of Appeals, the parties stipulated [1] that the victim was found on the floor of the emergency room at 1:15 a.m., when she was not breathing and had no cardiac activity. Within twenty to forty minutes, she was resuscitated. Although the services of a cardiothoracic surgeon were required, none was available until 2:15 a.m. At 2:45 a.m., the surgeon operated, but was unable to save the victim and she died at 3:05 a.m. The parties also stipulated that, if the operation had been performed earlier, there was a "real probability" that the victim would have recovered. Finally, the parties stipulated that the hospital's emergency room contract required it to have a cardiothoracic surgeon on call at all times. (Ariz. Ct.App., Mem. Decision, Mar. 5, 2002, at 5–6).

Prior to the trial, on motion of the State, the court entered an order to preclude evidence of intervening cause. Although the State did not dispute that the hospital staff committed medical malpractice, the court barred any evidence relating to the victim's treatment. The jury found Abston guilty of second-degree murder, and the trial court sentenced her to a partially mitigated prison term of fourteen years. The Arizona Court of Appeals affirmed her conviction and sentence, and the Arizona Supreme Court denied review. Bypassing any state post-conviction relief, Abston filed a federal habeas petition with the United States District Court for the District of Arizona. The petition was denied, and this appeal followed.

We review *de novo* the district court's order denying a petition for a writ of habeas corpus. *See Bowen v. Hood*, 202 F.3d 1211, 1218 (9th Cir.2000), *cert. denied*, 531 U.S. 1111, 121 S.Ct. 854, 148 L.Ed.2d 769 (2001). However, findings of fact made by the district court relevant to the denial of the habeas petition are reviewed for clear error. *See Bonin v. Calderon*, 59 F.3d 815, 823 (9th Cir.1995), *cert. denied*, 516 U.S. 1051, 116 S.Ct. 718, 133 L.Ed.2d 671 (1996). Further, we cannot grant habeas relief unless the underlying state court judgement "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or ... was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

## I. Due Process Claim Based on Exclusion of Evidence

Abston contends that the state court violated her due process rights by depriv-

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The stipulation was entered solely for the state's motion to preclude evidence of any negligent treatment by the hospital.

ing her of the opportunity to present evidence relating to medical malpractice, which Abston claims was a superceding cause of the victim's death. On direct review, the Arizona Court of Appeals relied solely on Arizona's substantive law governing proximate causation to adjudicate this issue. The court found that the medical malpractice was irrelevant as it could not have constituted a superceding cause of death under Arizona law and, thus, was inadmissible at trial.

As the state court's decision rests on an adequate foundation of state substantive law, and does not address the federal due process claim, our review is limited by principles of federalism. *See Wainwright v. Sykes,* 433 U.S. 72, 81, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) ("The application of this principle in the context of federal habeas proceeding has therefore excluded from consideration any questions of state substantive law. . . ."). Federal habeas relief is unavailable for attacks on what are purely violations of state law or procedure, or errors in the interpretation or application of state law which do not also constitute violations of federal constitutional rights. Thus, even "[i]ncorrect state court evidentiary rulings cannot serve as a basis for habeas relief unless federal constitutional rights are affected." *Tinsley v. Borg,* 895 F.2d 520, 530 (9th Cir.1990), *cert. denied,* 498 U.S. 1091, 111 S.Ct. 974, 112 L.Ed.2d 1059 (1991) (quoting *Lincoln v. Sunn,* 807 F.2d 805, 816 (9th Cir.1987)).

Habeas relief is only available if the state court's decision to exclude evidence violated a specific constitutional right or is of such magnitude that it jeopardizes the defendant's due process rights. *See Fuller v. Roe,* 182 F.3d 699, 703 (9th Cir.1999) (overruled on other grounds). As the district court properly explained, our review of Abston's due process claim is limited to determining whether the state court "committed an error which rendered the trial so arbitrary and fundamentally unfair that it violated federal due process." (D. Ariz. Order, Dec. 1, 2003, at 14) (quoting *Jammal v. Van de Kamp,* 926 F.2d 918, 920 (9th Cir.1991)).

■ To determine whether exclusion of evidence violates due process, we must weigh the importance of the evidence offered by Abston against the state's interest in exclusion. *See Miller v. Stagner,* 757 F.2d 988, 994 (9th Cir.1985), *as amended by,* 768 F.2d 1090 (9th Cir.1985). In evaluating the significance of the evidence, five factors should be considered: (1) the probative value of the excluded evidence; (2) its reliability; (3) whether it is capable of evaluation by the trier of fact; (4) whether it is the sole evidence on the issue or merely cumulative; and (5) whether it constitutes a significant part of the attempted defense. *See id.* When examining the state's interest in exclusion, we "must give due weight to the substantial state interest in preserving orderly trials, in judicial efficiency, and in excluding unreliable or prejudicial evidence." *Id.* at 995.

Here, we need only apply the first of the *Stagner* factors to conclude that exclusion of the medical malpractice evidence did not violate Abston's due process rights. The proffered evidence had no probative value in light of Arizona's substantive law. Under Arizona law, the criminal standard for a superseding cause is the same as the tort standard; thus, as a general matter "an event is superseding only if unforeseeable and, with benefit of hindsight, abnormal or extraordinary." *State v. Bass,* 198 Ariz. 571, 12 P.3d 796, 801 (2000) (en banc) (internal citation omitted). And although the Arizona Supreme Court stated in dicta in *State v. Powers,* 117 Ariz. 220, 571 P.2d 1016 (1977), that medical malpractice is unforeseeable, it thereafter held that medi-

cal malpractice breaks the chain of causation only if the malpractice constitutes the sole cause of death. *See State v. Sauter,* 120 Ariz. 222, 585 P.2d 242, 244 (1978) (en banc). "Only if the death is attributable to the medical malpractice and not induced at all by the original wound does the intervention of the medical malpractice constitute a defense." *Id.*

The Arizona Court of Appeals applied this law, and its finding that the medical malpractice here was not foreseeable, abnormal, extraordinary or the sole cause of the death was not an unreasonable application of the facts. Indeed, Abston has adduced no evidence that might plausibly support the theory that the hospital's malpractice was "the sole cause of death." *State v. Ulin,* 113 Ariz. 141, 548 P.2d 19, 21 (1976). We must therefore respect its determination that the malpractice was not a superceding event under Arizona law.[2] As such, evidence of the hospital's negligence had no probative value to the central issue of Abston's guilt.

■ We find Abston's argument that under Arizona law a trial court may not exclude evidence of an intervening cause, even if it does not rise to the level of a superceding cause, without merit. An accused does not have an absolute right to present evidence "that is incompetent, privileged, or otherwise inadmissable under standard rules of evidence." *Taylor v. Illinois,* 484 U.S. 400, 410, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988).

Likewise, we agree with Abston's assertion, and the cases on which she relies, that the question of proximate cause must go to the jury because the prosecution carries the burden of proof on all elements of the offense, including causation. *See United States v. Main,* 113 F.3d 1046 (9th Cir.1997); *State v. Smith,* 160 Ariz. 507, 774 P.2d 811, 813–15 (1989); *State v. Lopez,* 173 Ariz. 552, 845 P.2d 478, 481 (Ariz. Ct.App.1992). However, we do not agree that the issue of jury instructions restricts, in any way, the trial judge's discretion to exclude evidence he deems irrelevant. As discussed, the trial judge has broad discretion to determine relevance and admissibility of evidence and may preclude its introduction based on legitimate concerns.

■ The exclusion of the evidence did not render Abston's trial so arbitrary and fundamentally unfair that it violated her federal due process rights.

## II. Confrontation Clause Claim

■ In a related claim, Abston contends that she was denied her Sixth Amendment right of confrontation when the trial court limited her cross-examination of the hospital pathologist. She argues that without testimony as to the hospital's culpability, the jury determined the cause of death solely on testimony elicited by the State. The limitations imposed, she argues, eliminated the testing element of cross-examination. We do not agree.

The Sixth Amendment's Confrontation Clause guarantees an accused in a criminal proceeding the right "to be confronted with the witnesses against [her]." U.S. Const., amend. VI. The main purpose of this right is to secure the opportunity for effective cross-examination. *See Delaware*

---

**2.** States generally are free to define the elements of and defenses to state crimes. *See McMillan v. Pennsylvania,* 477 U.S. 79, 84, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986). Abston points to no clearly established federal law that requires states to recognize all degrees of medical malpractice as a defense to murder,

nor is it the case that the Arizona Court of Appeals' interpretation of Arizona law here was unforeseeable nor "an obvious subterfuge to evade consideration of a federal issue." *Mullaney v. Wilbur,* 421 U.S. 684, 690–91 nn. 10–11, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975).

*v. Van Arsdall,* 475 U.S. 673, 678, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986). It does not follow, however, that the Confrontation Clause restricts the trial judge from imposing limits on defense counsel's inquiry. On the contrary, "trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on ... cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Id.* at 679.

In determining whether Abston's confrontation rights were violated we must conduct a two-part inquiry. *See Wood v. Alaska,* 957 F.2d 1544, 1549–50 (9th Cir. 1992). First, we inquire into whether the excluded evidence is relevant. *See id.* at 1550. If relevance is established, we proceed to the second inquiry—whether other legitimate interests outweigh defendant's interest. *See id.* If relevance is not established, there is no cognizable habeas violation as constitutional rights do not extend to irrelevant evidence. *See id.*

"Because trial judges have broad discretion both to determine relevance and to determine whether prejudicial effect or other concerns outweigh the probative value of the evidence, we will find a Sixth Amendment violation only if we conclude that the trial court abused its discretion." *Id.* at 1550. Further, we will only grant habeas relief if the constitutional error "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson,* 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

Abston attempted to introduce evidence of the hospital's malpractice by cross-examining the pathologist despite the trial court's order restricting the presentation of such evidence. The disputed line of questions involved the hospital's emergency room treatment, the victim's stability while at the hospital, the role of the thoracic surgeon in any treatment, a comparison between the victim's heart and similar injuries to hearts that had been repaired by a thoracic surgeon, and any surgery on the victim's heart. (Appellant's App. at 146–51).

The trial court precluded these questions because Abston failed to show their relevance to any specific issue of the case. In response to the court's inquiry, Abston's counsel simply asserted that the questions were relevant to every issue in the case: "Well, goes to every issue in the case. It's what is—what the facts of the case are about." (Appellant's App. at 151–53)

We accept the holding of the Arizona Court of Appeals that the medical malpractice evidence had no probative value based on Arizona's substantive laws governing proximate cause. The trial court therefore, did not abuse its discretion in precluding this irrelevant testimony, whether on direct or cross-examination. As there is no constitutional right to introduce irrelevant, immaterial and potentially confusing evidence, Abston's rights were not violated.

The limitations imposed on Abston's cross examination of the pathologist did not violate her confrontation rights.

**AFFIRMED.**