578 P.2d 181

**STATE of Arizona, Appellee,**

v.

**Michael Ray DeCOE, Appellant.**

**No. 4160.**

Supreme Court of Arizona,
In Banc.

April 24, 1978.

John A. LaSota, Jr., Atty. Gen., Bruce E. Babbitt, Former Atty. Gen., William J. Schafer, III, Chief Counsel, Crim. Div., Crane McClennen, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, Terry J. Adams, Deputy Public Defender, Phoenix, for appellant.

GORDON, Justice:

Michael Ray DeCoe pled guilty to second degree murder, and received a sentence of 15 to 35 years in the Arizona State Penitentiary. Subsequently he filed this appeal, and we have taken jurisdiction pursuant to 17A A.R.S. Rules of the Supreme Court, Rule 47(e).

Two issues have been raised:

(1) Whether appellant was properly informed of the nature of the charge?

(2) Whether an adequate factual basis existed for the guilty plea.

■ Relying on *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976), appellant asserts he was not adequately informed of intent being a necessary element for second degree murder. During the plea hearing, the court addressed appellant:

"Mr. DeCoe, if this were to go to trial, you would have the right to defend the case by saying you were insane at the time of the act, and also you have the right of self defense, if you're not pleading guilty to the fact that you murdered this man with malice. In other words, this was conceived in your mind that you decided to kill him, and you did kill him, and there was no provocation that led to the killing. Otherwise, I can't accept your plea".

We believe this explanation adequately satisfies the requirements of *Henderson v. Morgan, supra.*

■ Next, appellant contends the record contains an insufficient fact basis to support his guilty plea. Prior to accepting a plea of guilty, the court need only ascertain the existence of "strong evidence" of guilt. It is not necessary to find a defendant guilty beyond a reasonable doubt. *State v. Norris*, 113 Ariz. 558, 558 P.2d 903 (1976); *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

■ Although appellant claimed he shot the victim in self-defense, the record indicates the following events occurred on the day of the crime. Appellant and the victim had been living together in the victim's apartment. The two argued on the day of the shooting, and the victim left the apartment. Before the victim returned, appellant went into the bedroom, picked up a handgun and loaded it. When the victim returned, the argument continued and appellant fired a shot at the victim, but missed. According to appellant, the victim then walked into the bedroom and brought out a rifle. He sat down, laying the rifle on the floor nearby. Appellant claims the victim started to bend over, as if to reach for the rifle, so appellant shot him.

According to the state, the physical evidence contradicts appellant's version of the shooting. The rifle was found in its sheath in the bedroom where the victim's son had placed it on the prior evening. The fatal shot entered the victim's right chest and exited behind his left armpit. This fact, and the photographs of the victim taken at

the scene of the crime demonstrate that the victim was sitting back on the couch, rather than leaning forward. His left leg was crossed over the right; he had one arm up on the couch and was holding a cigarette in the other hand. Together with appellant's admission that he fired the shot, this evidence formed an adequate basis for the acceptance of appellant's guilty plea to the charge of second degree murder, which has been defined as an unlawful killing with no considerable provocation. *State v. Schantz,* 98 Ariz. 200, 403 P.2d 521 (1965); *See North Carolina v. Alford, supra.*

Judgment of the superior court affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS, and HOLOHAN, JJ., concurring.