580 P.2d 721

**STATE of Arizona, Appellee,**

v.

**Richard BAZAN, Appellant.**

No. 4010.

Supreme Court of Arizona,
In Banc.

June 19, 1978.

Bruce E. Babbitt, Former Atty. Gen., John A. LaSota, Jr., Atty. Gen. by William J. Schafer, III, Crane McClennen, Asst. Attys. Gen., Phoenix, for appellee.

Jay M. Abbey, Pinetop, for appellant.

STRUCKMEYER, Vice Chief Justice.

Appellant, Richard Bazan, was charged with first degree murder in Navajo County, Arizona, and after entering a plea of guilty was sentenced to life imprisonment without possibility of parole for twenty-five years.

Counsel for appellant states that he has considered all matters which were before the lower court prior to appellant's plea of guilty and concedes that the lower court ruled properly in every instance except that it failed to suppress certain statements made after appellant had been warned of his *Miranda* rights. Counsel acknowledges that an accused by entering a knowing and voluntary plea of guilty with benefit of competent counsel waives the right to protest on appeal the denial of a motion to suppress. *State v. Lerner,* 113 Ariz. 284, 551 P.2d 553 (1976). It is argued that because a police detective who was a friend of appellant obtained the statements after appellant indicated that he did not want to talk, his rights were so violated that the rule of *Lerner* ought not to be applied in this case. Appellant's exact position is that, having failed to scrupulously honor his request not to be questioned, "there was such a breach of Defendant's rights, thus causing error so grievous that it could only be corrected by setting aside Defendant's guilty plea and remanding the matter to a lower court for trial."

We are unable to understand how appellant's friendship with the police detective imposed a higher degree of responsibility to "scrupulously honor" his request not to be interrogated. But, irrespective, if we understand appellant's argument correctly, he is saying that because his *Miranda* rights were not scrupulously honored he should be rewarded by being given a second chance to escape the punishment which the law exacts for his criminal acts. We do not agree.

Judgment affirmed.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.