590 P.2d 1376

**STATE of Arizona, Appellee,**

v.

**Kenneth James FREDA, Appellant.**

**No. 4367.**

Supreme Court of Arizona,
In Banc.

Feb. 7, 1979.

**431**

John A. LaSota, Jr., former Atty. Gen., Robert K. Corbin, Atty. Gen., by William J. Schafer, III, Diane M. Ramsey, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James L. Edgar, Deputy Public Defender, Phoenix, for appellant.

STRUCKMEYER, Vice Chief Justice.

Appellant Kenneth James Freda was convicted and sentenced pursuant to a plea agreement for the crime of robbery while armed with a gun, a violation of A.R.S. §§ 13–641 and 13–643(B). He appeals. Judgment affirmed.

The sole issue raised on appeal is whether appellant's guilty plea must be set aside because it was not made with a full understanding of its consequences. The facts establish that on September 17, 1977, the appellant and a woman entered the Nu-Vue Adult Theatre on McDowell Road in Phoenix. The projectionist admitted them to the projection booth, where they drank beer and talked. Appellant left the booth, ostensibly to get a cup of coffee. The projectionist testified that when appellant returned, he pulled a shotgun from underneath a green fatigue jacket he carried over his arm, pointed it at the projectionist, and demanded money. Appellant and the woman fled from the theater, taking about one hundred dollars.

At a plea hearing, appellant admitted the foregoing facts, with the exception that he denied he used a shotgun.

"THE COURT: You have a shot gun?
THE DEFENDANT: No, I had no shot gun.

THE COURT: What did you have?
THE DEFENDANT: A pipe.
THE COURT: You had a pipe?
THE DEFENDANT: Yes.
THE COURT: What kind of pipe?
[THE DEFENDANT]: It was a steel piece of pipe. I mean one from where I work.
THE COURT: And as a result did you act like it was a shot gun?
THE DEFENDANT: Yes.
THE COURT: You pointed it at him like it was a shot gun?
THE DEFENDANT: Yes.
THE COURT: And he reacted like it was a shot gun; is that right?
THE DEFENDANT: Yes.
THE COURT: He was scared to death?
THE DEFENDANT: Yes.
THE COURT: And he gave you the money as a result of that?
THE DEFENDANT: Yes.
THE COURT: How much money did he give you?
THE DEFENDANT: About $100.00.
THE COURT: He didn't volunteer the money, he gave you the money because you were holding this, what looked like a shot gun to him; is that correct?
THE DEFENDANT: Yes.
THE COURT: I think we are going to have to have further factual basis for 'While armed with a gun.'"

The court called the projectionist to the stand and he reiterated his prior testimony that the appellant aimed a shotgun at him. He also stated that he was familiar with guns. After hearing this testimony, the court resumed its discourse with appellant.

"THE COURT: Mr. Freda, do you feel, no matter what you think you may have done, because there is this evidence you did commit the crime, you should plead guilty, and that is why you are pleading guilty?
THE DEFENDANT: I didn't have a gun.
THE COURT: You are pleading guilty in this case because they have this evidence on you; isn't that right?

THE DEFENDANT: No.

THE COURT: Why are you pleading guilty to this crime if you didn't have the gun?

THE DEFENDANT: Because they threatened me with priors, and you know, they tell me 'You better do this or you are going to get ten more years added on, and this way you won't get ten years added on.'

I,—I don't know what to do. I didn't have a gun, and you know, they tell me if you do this—

THE COURT: If your feeling is you didn't have a gun and you want to go to trial, I have a jury this afternoon, and we will go to trial on this. But if we go to trial on this I will have to take up the motion on the allegation of prior, so you tell me what you want to do. I am not going to pressure you to do one thing or another.

I am asking you, you are pleading guilty because they have this evidence on you?

THE DEFENDANT: Yes."

Appellant does not claim that his plea was entered involuntarily, but, rather, argues that a guilty plea is not knowingly and intelligently entered when the accused protests his innocence regarding a major element of the offense, the evidence of guilt regarding that element is not overwhelming, and little or no benefit accrues to the defendant as a result of the plea.

■ The fact that appellant asserts that he used a pipe rather than a shotgun in committing the robbery does not render his guilty plea invalid. As the United States Supreme Court stated in *North Carolina v. Alford*, 400 U.S. 25, 36–37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162, 171 (1970):

"* * * the Constitution does not bar imposition of a prison sentence upon an *accused who is unwilling* expressly to admit his guilt but who, faced with grim alternatives, is willing to waive his trial and accept the sentence.

* * * Thus, while most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."

Appellant's second contention is that the evidence regarding the shotgun was not "overwhelming" and, therefore, his guilty plea should not have been accepted. We said in *State v. DeCoe*, 118 Ariz. 502, 503, 578 P.2d 181, 182 (1978), "[p]rior to accepting a plea of guilty, the court need only ascertain the existence of 'strong evidence' of guilt. It is not necessary to find a defendant guilty beyond a reasonable doubt."

■ A judge is not limited to a defendant's statement at the plea hearing in determining whether there is a sufficient factual basis for the guilty plea, *State v. Brooks*, 120 Ariz. 458, 586 P.2d 1270 (1978), but may consider presentence reports, preliminary hearing transcripts, admissions of the defendant, and other sources. *State v. Varela*, 120 Ariz. 596, 587 P.2d 1173 (1978). Despite appellant's allegation that he used a pipe instead of a shotgun during the robbery, there was strong factual evidence supporting his guilty plea. The projectionist, who testified that he was familiar with guns, steadfastly asserted that appellant had a shotgun trained on him during the robbery. Appellant admitted that he held up the theater and that the projectionist reacted as if appellant were using a shotgun. Furthermore, appellant's counsel candidly admitted that the evidence before the court would lead any reasonable juror to believe that a gun was used.

■ Finally, appellant claims that since he received little or no benefit from his plea, it must be set aside since he protested his innocence regarding one of the elements of the crime. He argues that *North Carolina v. Alford, supra*, mandates that the accused must receive a substantial benefit before his guilty plea will be considered knowingly given. We disagree.

Our reading of *Alford* reveals that only two findings are necessary: (1) a strong factual basis for the plea and (2) the defendant's voluntary desire to enter the plea despite professed innocence.[1] The standard for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. *See Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Devine*, 114 Ariz. 574, 562 P.2d 1072 (1977).

Judgment affirmed.

CAMERON, C. J., and HAYS, HOLO-HAN and GORDON, JJ., concurring.

1. Appellant received a substantial benefit from his guilty plea. The State did not allege and prove a prior conviction, and as part of the plea agreement, did not file another charge against appellant for robbery of a motel.