590 P.2d 1381

**STATE of Arizona, Appellee,**

v.

**Robert B. LEINWEBER, Appellant.**

**No. 4369.**

Supreme Court of Arizona,
In Banc.

Feb. 8, 1979.

---

John A. LaSota, Jr., Former Atty. Gen., Robert K. Corbin, Atty. Gen. by William J. Schafer III, Barbara A. Jarrett, Asst. Attys. Gen., Phoenix, for appellee.

Gordon J. O'Brien, Lake Havasu City, for appellant.

STRUCKMEYER, Vice Chief Justice.

Appellant Robert Leinweber pled guilty and was sentenced to five to eight years on the charge of possession of dangerous drugs, and to nine to twelve years on the possession of dangerous drugs for sale. He appeals.

On August 28, 1976, appellant and his codefendant, Scott Buse, had a party in their room at the Ramada Inn in Kingman, Arizona. They offered their guests a drug, supposedly tetrahydrocannabinol, a marijuana derivative ("THC"). Actually, the drug was phencyclidine, an animal tranquilizer ("PCP" or "angel dust"). After taking the drug, one of the guests died and another was hospitalized in a coma for three days. Both defendant and his companion were arrested. While defendant was in jail, three Mohave County police officers sought to question him. After being advised of his Miranda rights,[1] appellant told the officers that he wanted to consult with his attorney. While one of the officers unsuccessfully sought to contact appellant's attorney, the two other officers had a discussion with appellant at which he made numerous incriminating statements. It is appellant's position that because of the claimed violation of his rights, he was forced into a disadvantageous plea bargaining agreement.

The question of whether an otherwise valid guilty plea may be impeached by assertions that the plea was motivated by a prior coerced confession was discussed by the United States Supreme Court in *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). The Court said:

"Since we are dealing with a defendant who deems his confession crucial to the State's case against him and who would go to trial if he thought his chances of acquittal were good, his decision to plead guilty or not turns on whether he thinks the law will allow his confession to be used against him. For the defendant who considers his confession involuntary and hence unusable against him at trial, tendering a plea of guilty would seem a most improbable alternative. The sensible course would be to contest his guilt, prevail on his confession claim at trial, on appeal, or, if necessary, in a collateral proceeding, and win acquittal, however guilty he might be. The books are full of cases * * * where the defendant has made this choice and has prevailed. If he nevertheless pleads guilty the plea can hardly be blamed on the confession which in his view was inadmissible evidence and no proper part of the State's case. * *

A more credible explanation for a plea of guilty by a defendant who would go to trial except for his prior confession is his prediction that the law will permit his admissions to be used against him by the trier of fact. At least the probability of the State's being permitted to use the confession as evidence is sufficient to convince him that the State's case is too strong to contest and that a plea of guilty is the most advantageous course. Nothing in this train of events suggests that the defendant's plea, as distinguished from his confession, is an involuntary act.

1. *Miranda v. Arizona,* 384 U.S 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

His later petition for collateral relief asserting that a *coerced* confession induced his plea is at most a claim that the admissibility of his confession was mistakenly assessed and that since he was erroneously advised, either under the then applicable law or under the law later announced, his plea was an unintelligent and a voidable act. The Constitution, however, does not render pleas of guilty so vulnerable.

\* \* \* \* \* \*

In our view a defendant's plea of guilty based on reasonably competent advice is an intelligent plea not open to attack on the ground that counsel may have misjudged the admissibility of the defendant's confession. Whether a plea of guilty is unintelligent and therefore vulnerable when motivated by a confession \* \* \* depends \* \* \* on whether [counsel's] advice was within the range of competence demanded of attorneys in criminal cases. \* \* \*." 397 U.S. at 768–771, 90 S.Ct. at 1447–1448. *See also Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

Here, appellant does not claim that his attorney was incompetent or that he received poor advice. Our review of the record indicates that defense counsel vigorously represented appellant, and in view of the facts of this case, a guilty plea appears to have been to appellant's advantage.

Since a guilty plea "simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt," *Menna v. New York,* 423 U.S. 61, 62–63 n. 2, 96 S.Ct. 241, 242, 46 L.Ed.2d 195 (1975), we hold that appellant, by entering an otherwise valid guilty plea,[2] may not raise the issue of an involuntary confession on appeal. We therefore do not reach the question whether appellant's statements were made involuntarily.

Judgment affirmed.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.

2. A guilty plea is valid if it is entered knowingly and voluntarily, *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and

there is strong evidence of guilt. *State v. De-Coe,* 118 Ariz. 502, 578 P.2d 181 (1978).