688 P.2d 983

**STATE of Arizona, Appellee,**

v.

**Kelly HAMILTON, Appellant.**

**No. 5985.**

Supreme Court of Arizona,
En Banc.

Sept. 25, 1984.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Diane D. Hienton, Asst. Attys. Gen., Phoenix, for appellee.

Kemper & Henze by James Hamilton Kemper, Phoenix, for appellant.

Kelly Hamilton, pro se.

HAYS, Justice.

Appellant, Kelly Hamilton, was charged with first degree murder, kidnapping, and armed robbery. He entered an *Alford*[1] plea of guilty to the first degree murder charge in exchange for the state's promise not to seek the death penalty and to drop the kidnapping and armed robbery charges. The trial court conducted a presentence hearing and considered a presentence report, and then sentenced appellant to a term of life imprisonment. *See* A.R.S. § 13–703.

The period to appeal the sentence and conviction lapsed. Subsequently, the trial court, pursuant to a petition for post-conviction relief, granted a delayed appeal. *See* Ariz.Rules of Crim.Pro., rules 31.3(b) and 32.1(f). Appellant's counsel on appeal could not find any error that would support a normal appellate presentation and therefore filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Appellant was allowed to file a supplemental brief. We have jurisdiction pursuant to Ariz. Const.Art. 6, § 5(3), A.R.S. § 13–4031, and A.R.S. § 13–4035. We affirm.

■ Appellant asserts that he entered the plea agreement because he was coerced by threats. The record shows, however,

---

1. *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) (the situation in which the defendant enters a guilty plea but does not admit guilt).

that during the hearing on the change of plea, the trial court questioned appellant extensively in accord with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and found that appellant entered the plea voluntarily, knowingly and intelligently. More specifically, the following colloquy took place:

> THE COURT: Was any force used to get you to plead guilty in this matter?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Were any threats made to get you to plead guilty in this matter?
>
> THE DEFENDANT: No, sir.

Appellant now claims that he did not tell the court (or even his own counsel) about the alleged coercion because he felt that the detectives who allegedly coerced him had influenced other officials so that no officials could be trusted. Appellant also claims that he waited until he was transferred to the state prison to bring this issue because the detectives who allegedly threatened him had access to the Maricopa County Jail, where he was being detained, and could have carried out their threats at the jail.

Both of these claims are meritless. A defendant must not tell the judge that his plea is entered into voluntarily if it is not. It is no excuse that appellant thought the judge might not be trustworthy. If we were to grant any type of relief on this ground, every intelligent defendant entering a plea would tell the trial judge that the plea was entered into voluntarily and then wait for imposition of the sentence; if the sentence imposed were more harsh than anticipated or desired, the defendant would claim he entered the plea involuntarily but could not tell the judge, fearing the judge could not be trusted. Such a sequence of events would make a mockery of our justice system and of course will not be allowed. It is also no excuse that appellant feared being returned to the Maricopa County Jail. If told about the threats, the judge could have ascertained if there really were any danger to appellant and, if so, could have arranged appropriate safety precautions. Both of these claims are fore-closed by the trial judge's *Boykin* questioning and appellant's responses at the time of the change of plea.

■ Appellant also contends he received ineffective assistance of counsel. The standard for determining whether legal assistance was effective is "whether under the circumstances the attorney showed at least minimal competence in representing the criminal defendant." The burden of proving ineffectiveness is on the claimant, and the proof must be a demonstrable reality, not a matter of speculation. *State v. McDaniel*, 136 Ariz. 188, 198, 665 P.2d 70, 80 (1983).

■ We have reviewed the record and find no indication of incompetency. Appellant's trial counsel filed numerous motions, including a motion requesting a voluntariness hearing and a motion requesting examination of appellant's mental condition. Also, the record reflects that trial counsel adequately represented appellant at the change of plea and at sentencing. Further, the record clearly reflects that appellant benefitted from the plea by not being exposed to the death penalty and by having other charges, which could have significantly added to appellant's sentence, dropped. Appellant received effective assistance of counsel.

■ Appellant also argues that he should have been granted an acquittal because there was no substantial evidence to warrant a conviction. Our rules of criminal procedure require that a judgment may be entered on a guilty plea only when there is a factual basis for that plea. *See* 17 A.R.S. Rules of Criminal Procedure, rule 17.3. The factual basis need not be, as at a trial, established beyond a reasonable doubt. Rather, the court need only find strong evidence of guilt. *E.g., State v. McGuire*, 131 Ariz. 93, 95, 638 P.2d 1339, 1341 (1981); *State v. Freda*, 121 Ariz. 430, 432, 590 P.2d 1376, 1378 (1979). The evidence of guilt may be derived from the record as a whole or any part of it, including a preliminary hearing. *See State v. McVay*, 131 Ariz. 369, 373, 641 P.2d 857,

861 (1982); *State v. Diaz,* 121 Ariz. 16, 18, 588 P.2d 309, 311 (1978) (a presentence report); *State v. Brooks,* 120 Ariz. 458, 461, 586 P.2d 1270, 1273 (1978) (admissions by the defendant).

 During the hearing on the change of plea, the state set forth the evidence it would prove were a trial held. The evidence consisted of admissions by appellant and other substantive evidence. Appellant argues that the admissions the state alluded to were coerced, *see infra.* Even assuming that they were coerced such that they could not be used to establish a factual basis, there was still other evidence establishing "strong evidence of guilt." The presentence report contains numerous incriminating statements by appellant. (Appellant states that at the presentence interview he was asked only to repeat an earlier coerced statement, not to relate what specifically happened the day of the murder. The presentence report, however, indicates otherwise.) We find that the evidence the state set forth at the hearing on the change of plea, and the incriminating statements contained in the presentence report, clearly establish a factual basis for the guilty plea.

Finally, appellant argues that his conviction should be reversed because threats were made to coerce him to confess to the murder and because his *Miranda*[2] warnings were not timely given. We need not address the merits of appellant's argument because the issues raised are foreclosed by the entry of the guilty plea. It is well established that entry of a valid guilty plea[3] forecloses a defendant from raising nonjurisdictional defects. *E.g., Tollett v. Henderson,* 411 U.S. 258, 266, 93 S.Ct. 1602, 1607, 36 L.Ed.2d 235 (1973); *State v. Diaz,* 121 Ariz. 16, 17, 588 P.2d 309, 310 (1978). This rule includes the situation in which the defendant claims, as in the present case, that he confessed involuntarily, *see McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *State v. Leinweber* 121 Ariz. 435, 437, 590 P.2d 1381, 1383 (1979), and the situation in which the defendant claims, again as in the instant case, that his *Miranda* warnings were not timely given, *see id; State v. Bazan,* 119 Ariz. 260, 580 P.2d 721 (1978). Thus, appellant is foreclosed from raising the claim that his confession was coerced and that his *Miranda* warnings were not timely given.

Judgment of conviction and sentence affirmed.

HOLOHAN, C.J., GORDON, V.C.J., and CAMERON and FELDMAN, JJ., concur.

---

**2.** *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

**3.** A guilty plea is valid if entered voluntarily, knowingly and intelligently, *see Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and with competent advice of counsel, *see McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), and there is strong evidence of guilt, *see State v. DeCoe,* 118 Ariz. 502, 578 P.2d 181 (1978). *See State v. Leinweber,* 121 Ariz. 435, 437 n. 2, 590 P.2d 1381, 1383 n. 2 (1979).