706 P.2d 397

The STATE of Arizona, Appellee,

v.

Irving CHUDY, Appellant.

No. 1 CA–CR 8486.

Court of Appeals of Arizona, Division 1.

June 25, 1985.

Review Denied Sept. 24, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Gerald R. Grant, Phoenix, for appellee.

Thomas A. Thinnes, P.A. by Thomas A. Thinnes and Eleanor L. Miller, Phoenix, for appellant.

## OPINION

LACAGNINA, Judge.

In this case, Irving Chudy entered into a pre-indictment plea agreement, where he agreed to plead guilty to one count of fraudulent scheme and artifice, a class 2 felony, which included fourteen separate fraudulent loan advances. Following the grand jury indictment, Chudy appeared to enter his plea, and the court accepted it as knowing, intelligent and voluntary. Chudy was sentenced to a mitigated term of six years, with restitution ordered in the amount of $1,875,000.00. The trial court denied his motion to vacate the judgment and sentence, and he appeals from that denial.

Chudy argues that the trial court erred by refusing to allow evidence at the mitigation/aggravation hearing of oral representations made by the state that if he fully cooperated with them in their investigation, they would take no position regarding sentencing. He also claims the sentence was excessive, that the court failed to give sufficient weight to mitigating factors and that it used his unblemished past as an aggravating circumstance.

We disagree and affirm.

The facts show that Chudy, while an employee and officer of Walter E. Heller Western, Incorporated, made fourteen separate loan advances to certain qualified borrowers, causing the advances to be reflected on corporate records as being disbursed to such borrowers, when in fact such advances were disbursed to Chudy for his own personal use and benefit. The advances totaled $1,875,000.00. It appears that Chudy entered into the agreement in large part to avoid the state's filing separate counts on each of the transactions and alleging *Hannah* priors. *See . State v. Hannah*, 126 Ariz. 575, 617 P.2d 527 (1980).

The plea agreement entered into before any charges were filed against Chudy is 30 typewritten pages, including ten pages of terms and twenty pages of exhibits and schedules relating to the factual basis for

the plea and the real and personal property interests available to satisfy restitution.

It is unnecessary to summarize all the terms of the agreement except to say it was the result of many meetings between the parties and several drafts. The following terms as they relate to Chudy's argument on appeal are as follows:

"13. That IRVING CHUDY and the State of Arizona retain the right to request a pre-sentence hearing pursuant to Rule 26.7 of the Arizona Rules of Criminal Procedure in order to present whatever evidence each party in its discretion considers appropriate. IRVING CHUDY and the State of Arizona also retain the right to make what each considers appropriate recommendations to the Probation Department and the Court. Other than as specifically provided in this plea agreement, there are no agreements relating to sentencing.

\* \* \* \* \* \*

I agree that this written plea agreement contains *all* the terms and conditions of this plea agreement and that any promises made by anyone (including my attorney) that are not contained within this written plea agreement are without force and effect, and are null and void."

The agreement was signed by Chudy and his attorneys, both civil and criminal, following a written approval which included, among other things, the following language:

"No assurances, promises or representations have been given to me or to IRVING CHUDY by the State of Arizona or by any of its representatives which are not contained in this written agreement."

The assistant attorney general, representing the state, also signed the agreement.

At the change of plea hearing, the trial judge questioned Chudy extensively about any possible concerns he might have with the agreement above and beyond the usual questions, asked in accordance with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed. 274 (1969), regarding his understanding of the consequences of the plea. He offered to read the entire agreement into the record, which was declined. Finally, the state added the following:

"[Counsel] The second thing that I'd like to affirm for the record, is that there are no agreements, promises, understandings, express or implied, other than as specifically stated in writing in the agreement.

THE COURT: And you do understand that, do you not, Mr. Chudy?

MR. CHUDY: Yes.

Chudy's mitigation/aggravation hearing took place almost four months after the court accepted his plea, Chudy having waived applicable time limits for sentencing. At this hearing, defense counsel sought to introduce evidence of some representations made to Chudy and his attorneys by the state about sentencing. The court did not allow it, except as relevant to a motion to withdraw the plea. Defense counsel sought to make an offer of proof which the court agreed to accept in writing, to be reviewed *after* sentencing.

Following Chudy's sentencing, defense counsel moved to vacate the judgment and sentence based on the court's alleged error in not allowing the earlier testimony. The court held an evidentiary hearing, and the state offered sworn testimony without participation or objection by defense counsel. Chudy was not present. Defense counsel stood on the offer of proof given prior to sentencing. The court denied Chudy's motion, finding there was no agreement, either express or implied, written or unwritten, that the state would take no position at the time of sentencing. The court also based its denial on *State v. Hamilton*, 142 Ariz. 91, 688 P.2d 983 (1984). The court in *Hamilton* held that claims concerning inducements to enter plea, made after the plea is entered are meritless if the record shows the trial judge's *Boykin* questioning and a defendant's responses, at the time of change of plea.

■ We affirm the trial court's action in this case. To do otherwise would allow every intelligent defendant to enter the plea, wait for the imposition of sentence

and then, if it were more harsh than antici-pated, to claim improprieties. *State v. Hamilton, supra.*

■ Defense counsel failed to properly object when he learned of the state's rec-ommendation as to Chudy's sentence about two months prior to the pre-sentence hear-ing. Instead, he waited and sought to elicit testimony at the pre-sentence hearing from a mitigation witness concerning oral repre-sentations the state allegedly made. The court properly sustained the objection. A pre-sentence hearing is not designed to en-compass a hearing on defendant's motion to compel compliance with or to withdraw from a plea agreement. *State v. Warren,* 124 Ariz. 396, 604 P.2d 660 (1979).

■ Defense counsel did not object fur-ther until after sentencing, in a motion to vacate the judgment and sentence, and even at that time when the court allowed testimony, he refused to participate and asked to be allowed to leave. Chudy was given an opportunity to prove any oral understandings and failed to do so. He may not now complain on appeal.

■ Further, we find the judge con-sidered Chudy's unblemished past, and all the testimony in the pre-sentence report which confirmed it, as a mitigating factor to justify less than the presumptive term. The sentence imposed was not only within the statutory limits and followed an ade-quate investigation into the facts, *State v. Ramos,* 133 Ariz. 4, 7, 648 P.2d 119, 122 (1982), but it also complied with the terms of the plea agreement.[1]

Affirmed.

HATHAWAY, P.J., and LIVERMORE, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120(E).

1. "1. Fraudulent Schemes as a class 2 felony may be punished by a fine of not more than one hundred fifty thousand dollars ($150,000.00), plus applicable surcharges; or by imprisonment in the state prison for not less than five and one quarter (5.25) years nor more than fourteen (14) years, with a presumptive term of seven (7) years, or by probation; or by both fine and imprisonment. As a condition of probation a term of up to one (1) year in the county jail may be imposed."