880 P.2d 637

**STATE of Arizona, Appellee,**

v.

**George David GRIFFITH, Appellant.**

**No. 1 CA–CR 92–1511.**

Court of Appeals of Arizona, Division 1, Department E.

Dec. 2, 1993.

Review Denied Sept. 29, 1994.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Appeals Section, and Randall M. Howe, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Stephanie L. Swanson, Deputy Public Defender, Phoenix, for appellant.

**OPINION**

VOSS, Presiding Judge.

Defendant George David Griffith pled guilty to resisting arrest, a class six dangerous offense, with two prior dangerous felony convictions. The trial court found that defendant knowingly, intelligently, and voluntarily pled guilty and that a factual basis existed for the plea. Ariz.R.Crim.P. 17.3. He was sentenced to an aggravated term of six years to run consecutively to the sentence imposed in CR 91–09225. Defendant timely appealed and argues the trial court erred in

finding a sufficient factual basis for his plea to a dangerous offense.

■ Ariz.Rev.Stat.Ann. ("A.R.S.") section 13–604(F) (1989 and Supp.1993), provides for enhancement of punishment where a dangerous instrument or deadly weapon has been used. To find defendant's conviction for resisting arrest was dangerous, the court must find that defendant intentionally or knowingly inflicted serious physical injury or *used or exhibited a deadly weapon or dangerous instrument. Id.* When a defendant pleads guilty to an offense, as defendant did here, the state must provide "strong evidence," not evidence beyond a reasonable doubt, that the offense was dangerous. *See State v. Hamilton*, 142 Ariz. 91, 93, 688 P.2d 983, 985 (1984).

■ In this case, the state alleged that the deadly weapon used was Officer Edward Patterson's gun. Defendant argues that because the gun was never out of Patterson's holster, he never controlled the gun and therefore did not "use" a deadly weapon or dangerous instrument. We disagree.

Upon discovering defendant's license plates were fictitious, Officers Patterson and Kevin Rubino asked defendant for identification. He gave them a false driver's license and told them he had never been in jail. Concluding the license was a counterfeit, Patterson arrested defendant and told him to get into the police car.

Defendant sat in the back of the police car with one foot hanging out the open door. Patterson approached defendant and told him to get in the car so he could shut the door. Defendant responded by punching Patterson in the groin. Patterson fell forward, and defendant grabbed the officer's head and clawed his face. Defendant then reached for Patterson's gun and pulled at it to get control. Patterson grabbed defendant's left wrist, which was holding onto the handle of the gun. Defendant then tried to unsnap the holster with his free hand, but Rubino came to assist Patterson. The three fell to the ground in a struggle. Defendant did not let go of the gun until Rubino used the carotid maneuver to subdue defendant into unconsciousness. During the struggle, the metal shank of Patterson's holster was bent three inches.

In this case, strong evidence was provided to support a finding of dangerousness even though defendant never had exclusive control over the gun. *See State v. Bice*, 127 Ariz. 312, 620 P.2d 227 (App.1980) (affirming jury verdict which found defendant's assaults to be of a dangerous nature even though his gun was not on his person, but was on the dashboard in a holster, and victim did not actually see the weapon itself). The word "use" does not require "conduct which actually produces harm . . . ." *People v. Chambers*, 7 Cal.3d 666, 102 Cal.Rptr. 776, 779, 498 P.2d 1024, 1027 (1972). Broadly construing the term, the California Supreme Court defined "use" as "mak[ing] instrumental to an end or process," and to "apply to advantage." *Id.*, 102 Cal.Rptr. at 780, 498 P.2d at 1028 (quoting Webster's New Int'l Dict. (3d ed. 1961)). Here, defendant resisted arrest and grabbed Patterson's gun in furtherance of his resistance. Defendant had his hands on the gun and the holster, pulling violently at the gun to gain control. During the ensuing struggle, defendant and Patterson had "joint control" over the gun, at which time Patterson feared for his life. Defendant acted in a dangerous and violent manner and it was only a fortuity that no one was seriously injured. Although defendant never had exclusive control over the gun, he "used" it in furtherance of his resistance; therefore, his joint control was sufficient to support a finding of dangerousness. We find there was "strong evidence" in the record to support the trial court's acceptance of defendant's plea and to trigger the use of the enhanced punishment provision in A.R.S. section 13–604(F).

The court, pursuant to A.R.S. section 13–4035 (1989), has reviewed the record for fundamental error and found none. The conviction and sentence of defendant are affirmed.

McGREGOR and RYAN,* JJ., concur.