NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JASON MICHAEL BUNESCU, *Petitioner*.

No. 1 CA-CR 16-0701 PRPC
FILED 1-11-2018

Petition for Review from the Superior Court in Yavapai County
No.  V1300CR201180162
V1300CR201480495
V1300CR201480498
The Honorable Michael R Bluff, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Yavapai County Attorney's Office, Camp Verde
By Patti M. Wortman
*Counsel for Respondent*

Shaw Law Firm, PLLC, Cottonwood
By Sebrina M. Shaw
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Judge Diane M. Johnsen delivered the decision of the court, in which Presiding Judge Lawrence F. Winthrop and Judge Maria Elena Cruz joined.

---

**J O H N S E N**, Judge:

**¶1**        Jason Michael Bunescu petitions this court for review from the dismissal of his of-right petition for post-conviction relief filed pursuant to Arizona Rule of Criminal Procedure 32. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

**¶2**        Bunescu pled guilty to possession of a narcotic drug (heroin), burglary in the second degree, theft, taking the identity of another person, and two counts each of theft of a credit card and trafficking in stolen property in the first degree. Because Bunescu committed the offenses while on probation for possession of narcotic drugs for sale and aggravated driving under the influence, the superior court revoked his probation. The court then sentenced Bunescu to a combination of concurrent and consecutive prison terms that, in the aggregate, totaled 16 years, to be followed by a seven-year term of probation. Bunescu timely sought post-conviction relief, arguing he received ineffective assistance of counsel and mental health issues rendered his plea involuntary. The court summarily denied relief, and Bunescu timely filed a petition for review. We review for an abuse of discretion. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012).

**¶3**        Bunescu argues his trial counsel did not investigate "a possible exculpatory defense witness." Bunescu also claims his "mental state and health condition" at the change-of-plea hearing resulted in undue coercion to plead guilty.

**¶4**        To state a colorable claim of ineffective assistance of counsel, a defendant must show that the lawyer's performance fell below objectively reasonable standards and that the deficient performance caused the defendant prejudice. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *State v. Nash*, 143 Ariz. 392, 397-98 (1985) (adopting *Strickland* test). In considering the voluntariness of a change of plea, the superior court must ensure that the defendant understands: "(1) the nature of the charges, (2) the nature and range of possible sentences, including any special conditions, (3) the constitutional rights waived by pleading guilty, (4) the

right to plead not guilty, and (5) that the right to appeal is also waived if the defendant is not sentenced to death." *State v. Rose*, 231 Ariz. 500, 505, ¶ 13 (2013) (quoting *State v. Djerf*, 191 Ariz. 583, 594, ¶ 36 (1998)).

**¶5**        The superior court did not abuse its discretion in denying Bunescu's petition. Bunescu did not provide the court with an affidavit detailing the testimony of the defense witness Bunescu claimed his lawyer should have investigated. A Rule 32 petitioner's failure to include an affidavit setting out the testimony a witness purportedly would have offered is fatal to an ineffective-assistance claim based on counsel's alleged failure to investigate the witness. *See State v. Borbon*, 146 Ariz. 392, 399 (1985). Bunescu relies on his own "belie[f]" that the witness "would be able to provide important exculpatory information indicating that Petitioner Bunescu did not know that the items in the . . . burglary and trafficking in stolen property case were stolen items," but that is insufficient. *See id*. ("Rule 32 does not require the trial court to conduct evidentiary hearings based on mere generalizations and unsubstantiated claims that people exist who would give favorable testimony.").

**¶6**        With respect to the guilty plea, a Rule 32 claim challenging the voluntariness of a plea is meritless if the record shows the superior court questioned the defendant in accordance with *Boykin v. Alabama*, 395 U.S. 238 (1969), and the defendant's responses demonstrated the defendant entered the plea knowingly and voluntarily. *State v. Hamilton*, 142 Ariz. 91, 93 (1984). Bunescu argues he had a diagnosed personality disorder and anxiety, and did not take his medication while he was in jail before his plea. He argues that because he was unmedicated before the change-of-plea hearing, he could not have made an intelligent, knowing and voluntary change of plea. At the hearing, however, the superior court properly questioned Bunescu to determine he entered the guilty plea knowingly, intelligently and voluntarily. Bunescu's responses clearly demonstrated that his plea was voluntary. Moreover, in its order dismissing Bunescu's petition, the superior court noted it observed Bunescu for over a year during pretrial proceedings and "[d]uring that time Mr. Bunescu presented

a calm but attentive demeanor. He frequently engaged with counsel during court proceedings and by all outward appearances, was neither nervous nor apprehensive." Under these circumstances, no reversible error occurred.

¶7 For the foregoing reasons, we grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA