NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

SUSAN BROCK, *Petitioner*.

No. 1 CA-CR 19-0327 PRPC

FILED 5-14-2020

Petition for Review from the Superior Court in Maricopa County
No. CR2010-157285-001
The Honorable Robert Carter Olson, Judge (Retired)

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Pinal County Attorney's Office, Florence
By Geraldine L. Roll
*Counsel for Respondent*

Gail Gianasi Natale Attorney at Law, Phoenix
By Gail Gianasi Natale
*Counsel for Petitioner*

---

## MEMORANDUM DECISION

Presiding Judge Lawrence F. Winthrop, Judge Maria Elena Cruz, and Judge David B. Gass delivered the decision of the Court.

---

**PER CURIAM**:

**¶1**        Susan Brock petitions this court for review of the dismissal of her petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 33.[1]  We have considered the petition for review and, for the following reasons, grant review but deny relief.

### FACTS AND PROCEDURAL HISTORY

**¶2**        Brock pled guilty to three counts of attempted sexual conduct with a minor, each a class three felony and dangerous crime against children.  After finding the aggravating factors outweighed the mitigating factors, the superior court imposed an aggravated thirteen-year prison term, to be followed by concurrent terms of lifetime probation.  Brock timely sought post-conviction relief ("PCR").

**¶3**        In her PCR petition, Brock primarily challenged her sentence, in three respects.  First, she argued she did not knowingly waive her right to have a jury determine aggravating sentencing factors (the "Sentencing Jury Waiver" claim) because the court failed to properly advise her of that right at the change of plea hearing.  Second, she claimed her thirteen-year sentence was longer than other women have received for convictions of similar offenses.  Third, she alleged excessive publicity of her case created

---

[1]        Effective January 1, 2020, our supreme court amended the rules on post-conviction relief.  *State v. Botello-Rangel*, 1 CA-CR 19-0332 PRPC, 2020 WL 896477, at \*1, ¶ 1 n.1 (Ariz. App. Feb. 25, 2020) (citing Order Abrogating Current Rule 32 of the Arizona Rules of Criminal Procedure and Adopting New Rule 32 and Rule 33 and Related Provisions, Arizona Court Order No. R-19-0012 ("Order") (Adopted Aug. 29, 2019)).  The amended rules apply to cases pending on the effective date unless "applying the rule or amendment would be infeasible or work an injustice."  *Id.* (quoting Order at 2).  Because there were no substantive changes to the respective rules related to this decision, we apply and cite to the current rules.  *See id.*

a "carnival atmosphere" that "affected" the prosecutors. In addition to challenging her prison sentence, Brock argued the condition of probation regarding her computer use unconstitutionally limited her free speech rights.

¶4      The superior court granted relief on Brock's "computer usage" claim and amended the applicable condition of probation. As for Brock's challenges to her prison sentence, the court found no basis for relief and summarily dismissed those claims. This timely petition for review followed.

## ANALYSIS

¶5      Absent an abuse of discretion, we will not disturb the superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012). The petitioner bears the burden of establishing an abuse of discretion. *State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011).

¶6      On review, Brock challenges only the superior court's dismissal of her Sentencing Jury Waiver claim. Brock argues that, under Rule 18.1, the court was required to personally address her at the change of plea hearing to determine whether her Sentencing Jury Waiver was valid. Brock contends the superior court erroneously assumed defense counsel sufficiently explained to Brock her right to have a jury determine aggravating factors so she could properly waive it.

¶7      The superior court must summarily dismiss a PCR claim if the petitioner fails to present "a material issue of fact or law that would entitle the defendant to relief." Ariz. R. Crim. P. 33.11(a); *see also Gutierrez*, 229 Ariz. at 579, ¶ 31 ("The purpose of an evidentiary hearing in the Rule 32 context is to allow the court to receive evidence, make factual determinations, and resolve material issues of fact." (citations omitted)).

¶8      Brock fails to establish that the superior court's dismissal of her PCR claim constitutes an abuse of discretion. As an initial matter, she provides no authority that requires a court to personally confirm with a pleading defendant that his or her Sentencing Jury Waiver is made knowingly, voluntarily, and intelligently, and that a court's failure to do so results in an improper waiver. Instead, Brock relies on Rule 18.1 and caselaw applying and interpreting that rule. *See* Ariz. R. Crim. P. 18.1(b)(2) ("Before accepting a defendant's waiver of a jury trial, the court must address the defendant personally, inform the defendant of the defendant's right to a jury trial, and determine that the defendant's waiver is knowing, voluntary, and intelligent."). Rule 18, however, applies to non-pleading

defendants who proceed to trial. Brock cites no authority applying Rule 18.1 in the context of a pleading defendant's Sentencing Jury Waiver.

**¶9** Claims regarding the voluntariness of a plea are meritless if the record shows the superior court questioned the defendant in accordance with *Boykin v. Alabama*, 395 U.S. 238 (1969), and the defendant's responses to those questions indicate the defendant entered the plea knowingly, voluntarily, and intelligently. *See State v. Hamilton*, 142 Ariz. 91, 93 (1984).

**¶10** The record establishes that Brock knowingly, voluntarily, and intelligently agreed to the Sentencing Jury Waiver at the change of plea hearing. Although the superior court did not specifically discuss with Brock the Sentencing Jury Waiver that was contained in the written plea agreement, the court personally confirmed with her that she read and understood the entire plea agreement. Additionally, Brock informed the court that counsel "ha[d] gone over th[e] plea [agreement] extensively with [her]," "explained every facet of th[e] agreement to [her]," and answered all her questions. Paragraph 11(a) of the agreement states, in relevant part, as follows:

> 11. I understand that I am giving up the following rights by pleading GUILTY:
>
> > a. My right to [a] jury trial, including the right to a jury determination of any aggravating sentencing factor(s), including my right to a jury determination of aggravating circumstances beyond a reasonable doubt. I further understand that the court, using a preponderance of evidence standard, may find the existence of aggravating or mitigating circumstances which may impact my sentence or disposition and may use factors under the "catch-all" aggravator as the sole factor(s) for increasing my sentence regardless of whether those factors have been previously alleged by the state. The court may find the existence of aggravating or mitigating circumstances without regard to the Arizona Rules of Evidence, and from any source, including, but not limited to a pre-sentence report, letters to the court, victim or witness statements or any other reliable source.

(Emphasis omitted.)

4

¶11        Following the change of plea hearing, the superior court held an aggravation/mitigation hearing that lasted one-and-a-half days, during which Brock did not seek to withdraw from the plea agreement or otherwise object to the Sentencing Jury Waiver. *See State v. Murdaugh*, 209 Ariz. 19, 27, ¶ 35 (2004) (recognizing a defendant's failure, during the change of plea and sentencing hearings, to claim he was incompetent to plead guilty was a factor supporting his competency to do so). Indeed, when Brock personally addressed the court later at sentencing, she said, "I know that I need to take responsibility for my actions, and I am here today to tell you that I will accept whatever you give me without complaint . . . ."

¶12        Nonetheless, Brock refers to instances during the change of plea hearing that purportedly indicate she was unable to understand the Sentencing Jury Waiver. For example, during the hearing, Brock stated: "I do not understand what the probation means. Does that mean I can't see my grandchildren? . . . I'm not the defendant. . . . I'm losing it, okay? . . . I've been up since 2:00 a.m., Your Honor." The superior court, however, specifically addressed Brock's comments and confirmed her ability to knowingly, voluntarily, and intelligently waive her rights.

¶13        Brock did not include an affidavit with her PCR petition avowing counsel failed to properly advise her regarding the Sentencing Jury Waiver.[2] Instead, without citing to the record, she merely asserts "they had not 'gone over' the jury waiver." *See* Ariz. R. Crim. P. 33.7(e) ("The defendant must attach to the petition any affidavits, records, or other evidence currently available to the defendant supporting the allegations in the petition.").

¶14        Because the record demonstrates both that counsel did sufficiently advise Brock regarding the entire plea agreement and Brock understood the written Sentencing Jury Waiver, and Brock failed to present evidence to the contrary, Brock failed to raise an issue of material fact regarding whether her waiver was constitutionally sufficient. Thus, she was not entitled to an evidentiary hearing, let alone relief, on this basis.

¶15        Finally, aside from Brock's failure to raise a material fact, her claim is otherwise not colorable and, therefore, was properly dismissed summarily. *See State v. D'Ambrosio*, 156 Ariz. 71, 73 (1988) (recognizing a Rule 32 petitioner is entitled to an evidentiary hearing if he or she presents a colorable claim). A colorable claim is one that, if the allegations are true, "would *probably* have changed the verdict or sentence." *State v. Amaral*, 239

---

[2]        Brock has not raised an ineffective assistance of counsel claim.

Ariz. 217, 220, ¶ 11 (2016). Brock did not avow—and nothing in the record suggests—that, even if she was not properly advised regarding her right to a jury determining aggravating factors, she would not have pled guilty had she known the judge would be the fact finder for aggravation purposes. *See Murdaugh*, 209 Ariz. at 29, ¶ 47 (finding the defendant's claim "meritless" because "nothing in this record indicates that [the defendant's] decision to plead guilty was influenced by whether a judge or a jury would decide if he deserved to be sentenced to death").

**CONCLUSION**

¶16         We grant review but deny relief.

