NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

PHILLIP ANTHONY ACUNA, *Petitioner*.

No. 1 CA-CR 19-0485 PRPC
FILED 7-7-2020

Petition for Review from the Superior Court in Maricopa County
No. CR2018-005296-001
CR2018-103479-001
The Honorable Jay R. Adleman, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Daniel Strange
*Counsel for Respondent*

Phillip Anthony Acuna, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Randall M. Howe and Judge Cynthia J. Bailey joined.

---

**T H U M M A**, Judge:

**¶1**        Petitioner Phillip Anthony Acuna seeks review of the superior court's order summarily denying his post-conviction relief (PCR) petition. *See* Ariz. R. Crim. P. (Rule) 33.[1] Absent an abuse of discretion or error of law, this court will not disturb a superior court's ruling on a PCR petition . *State v. Gutierrez*, 229 Ariz. 573, 577 ¶ 19 (2012). Because Acuna has shown no such error, this court grants review but denies relief.

**¶2**        This proceeding arises out of two cases. In CR2018-103479-001, Acuna pled guilty to burglary in the third degree, a Class 4 felony with one prior felony conviction. In CR2018-005296-001, Acuna pled guilty to child abuse, a Class 4 felony. During plea negotiations in '5296, a prosecutor not primarily responsible for Acuna's case agreed to withdraw a reference to Arizona Revised Statute (A.R.S.) Section 13-118 in the plea agreement.[2] At the change of plea hearing, however, the assigned prosecutor included the statutory reference in the written agreement.

**¶3**        Agreeing with the parties' sentencing stipulations, the superior court imposed a presumptive four-and-a-half-year prison term for the burglary conviction to be followed by a lifetime probation grant for the child abuse conviction. The court also directed the probation department to

---

[1] Although the post-conviction rules were amended effective January 1, 2020, because there were no substantive changes to the rules applicable here this decision applies the current rules. Similarly, absent material revisions after the relevant dates, statutes cited refer to the current version unless otherwise indicated.

[2] A prosecutor is authorized to allege a defendant's sexual gratification motivated the commission of a charged offense that is not a sexual offense. A.R.S. § 13-118. If the finder of fact concludes the allegation is proven by a preponderance of evidence, the sentencing judge then has discretion to require the defendant register as a sex offender. A.R.S. §§ 13-118(B), -3821(C).

request a hearing no later than Acuna's prison release date to determine whether sex offender registration should be required as a condition of Acuna's probation.

**¶4** Acuna timely filed a PCR petition in both matters. Appointed PCR counsel filed notices of completion, informing the court that he was unable to find a colorable claim in either case. Acuna proceeded to represent himself.

**¶5** In Acuna's subsequent petition, he generally challenged the condition of probation he claimed required him to register as a sex offender. In doing so, Acuna specifically raised claims of prosecutorial misconduct (based on an allegation the prosecutor "induced" Acuna to accept the plea by agreeing not to require sex offender registration), and ineffective assistance of counsel (IAC) (based on allegations that counsel failed to advise Acuna regarding sex offender registration as a possible condition of probation and then failed to challenge the plea agreement's inclusion of the registration requirement). Acuna also asserted the prison library provided insufficient legal resources, thereby restricting his access to the courts. Finally, Acuna argued the State's reference to his prior felonies at sentencing violated its agreement in the burglary case to dismiss the allegation of prior convictions. The State responded to Acuna's petition, and Acuna filed a reply.

**¶6** The superior court summarily dismissed the petition, noting agreement with arguments in the State's response and erroneously noting Acuna had not filed a reply. The court subsequently denied Acuna's motion for reconsideration. This timely petition for review followed.

**¶7** Acuna first contends the superior court was required to make express independent findings in its dismissal order as opposed to "merely" agreeing with the arguments presented in the State's response. Similarly, Acuna claims the court violated Rule 33 by failing to consider his reply brief. Rule 33 does not require the court to detail its findings in summarily dismissing a PCR petition. *See, e.g.*, Ariz. R. Crim. P. 33.11 ("If, after identifying all precluded and untimely claims, the court determines that no remaining claim presents a material issue of fact or law that would entitle the defendant to relief under this rule, the court must summarily dismiss the petition."). And although the court failed to consider Acuna's reply before dismissing the petition, it did consider that filing before denying Acuna's motion for reconsideration, thereby curing that oversight.

¶8　　　　Acuna next argues his prosecutorial misconduct and IAC claims were colorable, meaning the court erred by summarily dismissing them. Both of these claims hinged on Acuna's voluntariness in accepting sex offender registration as a condition of probation. The record reflects that, when Acuna pled guilty, he agreed the court would have discretion at sentencing whether to order such a condition. *See State v. Hamilton*, 142 Ariz. 91, 93 (1984) (noting defendant's statements to the court during a change of plea colloquy regarding voluntariness are normally binding). Acuna agreed that he committed the offense for his own sexual gratification. Moreover, contrary to his assertion, Acuna initialed the handwritten correction to the child abuse case plea agreement that added the statutory reference to the sexual motivation allegation, an allegation he knew could ultimately result in a requirement that he register as a sex offender. Finally, the court did not impose sex offender registration, but deferred that decision until Acuna is released from prison. On this record, Acuna's claims were not colorable, meaning he had no right to an evidentiary hearing. *See State v. Amaral*, 239 Ariz. 217, 220 ¶ 11 (2016); *see also State v. D'Ambrosio*, 156 Ariz. 71, 73 (1988) (noting defendant is entitled to an evidentiary hearing if he or she presents a colorable claim.).

¶9　　　　Finally, Acuna repeats his claim regarding his purported lack of access to the courts. This claim is not cognizable in a PCR proceeding. *See* Ariz. R. Crim. P. 33.1.

**CONCLUSION**

¶10　　　Because Acuna has not shown the superior court abused its discretion by summarily dismissing his PCR petition, this court grants review but denies relief.

