NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

RICHARD FREDRIC EDWARDS, *Petitioner*.

No. 1 CA-CR 21-0567 PRPC
FILED 9-20-2022

Petition for Review from the Superior Court in Yavapai County
No. P1300CR201801115
The Honorable Krista M. Carman, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Yavapai County Attorney's Office, Prescott
By Casi M. Akerblade
*Counsel for Respondent*

Richard Fredric Edwards, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Jennifer M. Perkins joined.

---

**F U R U Y A** , Judge:

**¶1**　　　　Richard Fredric Edwards petitions this court for review from the dismissal of his petition for post-conviction relief filed under Arizona Rule of Criminal Procedure ("Rule") 33. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

**¶2**　　　　In March 2020, Edwards pled guilty to one count each of molestation of a child, a Class 2 felony, sexual abuse, a Class 3 felony, and luring a minor for sexual exploitation, a Class 3 felony, all dangerous crimes against children. Following the terms of the plea agreement, the superior court sentenced Edwards to a mitigated term of 12 years' imprisonment for the molestation of a child conviction followed by concurrent terms of lifetime supervised probation for the remaining convictions.

**¶3**　　　　Edwards initiated a post-conviction relief proceeding and appointed counsel filed a notice of completion avowing he found no colorable claims for relief. Edwards filed a *pro se* petition for post-conviction relief, claiming the State's failure to disclose evidence impacted his ability to voluntarily and intelligently enter the plea agreement and "tainted" the evidence supporting his convictions. Edwards argues his involuntary plea resulted in illegal sentences, entitling him to relief under Rule 33.1(a), (c), and (e). *See* Ariz. R. Crim. P. 33.1(a), (c), (e). The superior court summarily dismissed the proceeding and this timely petition for review followed.

**¶4**　　　　We review the court's summary dismissal of a petition for post-conviction relief for an abuse of discretion. *See State v. Bennett*, 213 Ariz. 562, 566 ¶ 17 (2006). The court must summarily dismiss a petition for post-conviction relief if the defendant fails to establish a material issue of fact or law entitling him to relief. *See* Ariz. R. Crim. P. 33.11(a).

¶5        A plea agreement waives all non-jurisdictional defenses, errors, and defects which antedated the plea. *See State v. Hamilton*, 142 Ariz. 91, 94 (1984). A defendant's decision to plead guilty must be voluntary, knowing, and intelligent. *See* Ariz. R. Crim. P. 17.1(b); *State v. Brown*, 212 Ariz. 225, 229 ¶ 15 (2006). A plea will be found involuntary only if a defendant lacks information of true importance in the decision-making process. *See State v. Pac*, 165 Ariz. 294, 295–96 (1990) (internal quotation marks and citation omitted). Absent compelling evidence undermining the defendant's acknowledgment of voluntariness, his statements to the court at the change of plea are binding. *See Hamilton*, 142 Ariz. at 93.

¶6        At the change of plea hearing, Edwards advised the superior court that he conferred with counsel, understood the terms of the plea agreement, and had not been threatened or coerced into pleading guilty. He then agreed with the factual basis provided for each count. *See State v. Ovante*, 231 Ariz. 180, 184 ¶ 12 (2013) ("Before accepting a plea, a court must establish a factual basis for each element of the crime."). Edwards expressed no concerns regarding the status of discovery and continued to admit guilt at sentencing. Such statements "carry a strong presumption of verity, and constitute a formidable barrier in a subsequent challenge to the validity of the plea." *State v. Leyva*, 241 Ariz. 521, 525 ¶ 12 (App. 2017) (internal quotation marks and citation omitted).

¶7        Edwards's claim that the State's failure to disclose evidence controverted his acceptance of guilt fails. The State avows that the evidence in question does not exist and, as Edwards concedes, he knew of the missing items prior to the change of plea hearing. Edwards offers only speculation as to the nature of the evidence and whether it would have impacted the counts to which he pled. *See State v. Donald*, 198 Ariz. 406, 414 ¶ 21 (App. 2000) (defendant's claim must present "more than conclusory assertions and be supported by more than regret" to warrant relief). The State complied with its initial and continuing duty to disclose material evidence within its possession in advance of a plea deadline. *See* Ariz. R. Crim. P. 15.1(a)–(b), 15.6(a), 15.8(a)–(b). We find nothing in the record to suggest Edwards made an uninformed, involuntary decision to enter the plea agreement. The superior court acted within its discretion in finding no basis for relief under Rule 33.1 and summarily dismissing the post-conviction relief proceeding.

¶8        To the extent Edwards raises an ineffective assistance of counsel claim on appeal of his petition for review, he concedes that he did not present this issue in his petition for post-conviction relief and has therefore waived any such claim on review. *See* Ariz. R. Crim. P. 33.16(c)(2)(B); *State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980).

¶9        We grant review and deny relief.

